KENNETH WATERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18238. Promulgated March 23, 1949.

*Earl Bohannon, Esq.*, for the petitioner.
*Elmer L. Corbin, Esq.*, for the respondent.

### OPINION.

HARLAN, *Judge*: Supplement T, section 400, of the Internal Revenue Code, as amended by section 5 (a) of the Individual Income Tax Act of 1944, provides that in lieu of the taxes imposed by sections 11 and 12 taxpayers whose adjusted gross income is less than $5,000 may elect to be taxed on the adjusted gross income in accordance with its provisions. The petitioner so elected in his return for 1944 and in arriving at his adjusted gross income claimed the deduction here at issue.

Section 22 (n) of the Internal Revenue Code defines "adjusted gross income" as used in this chapter to mean the gross income minus:

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer,

in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;

*   *   *   *   *   *   *

It is clear that the deduction claimed can not fall under section 22 (n) (1), since the services for which it is claimed were performed by petitioner as an employee. It is equally clear that the deduction can not fall under section 22 (n) (3), since the petitioner had no "reimbursement or other expense allowance arrangement with his employer." Therefore, in order to be allowed, the deduction here at issue must qualify under section 22 (n) (2). There are no other provisions of the statute under which it is allowable.

The respondent raises no objection to the amount of the deduction claimed herein. He simply maintains that section 22 (n) (2) does not apply, and that therefore the deduction should not be allowed. It is his contention that the petitioner's Sunday trips from Independence to Parsons and return do not fall within the meaning of the words "travel * * * while away from home" as used in this section, because the trips were not overnight trips. In support of his contention the respondent quotes from the booklet entitled "Your Federal Income Tax (1946 Edition)" published by the Bureau of Internal Revenue, which states (p. 45):

If you pay or incur expenses for travel, meals, and lodging while away from home on your employer's business, you may deduct them in computing the adjusted gross income on which your normal tax and surtax are based. However, expenses incurred by an employee while away on trips to various cities from which he returns to his home at the end of each day, regardless of the distance traveled, do not qualify as having been incurred "while away from home" and, therefore, are not deductible in computing adjusted gross income; * * *

In the absence of any authority to the same effect as the cited booklet, we can not agree with the respondent's contention. There is nothing in the legislative history of the travel expense deduction provisions of sections 22 and 23 of the Internal Revenue Code to show that Congress intended any such special interpretation of the words "travel * * * while away from home" as the respondent here advocates.

In *Helvering* v. *Rebsamen Motors, Inc.* (C. C. A., 8th Cir.), 128 Fed. (2d) 584, the court said (p. 587):

(1) We followed the rule that the use by a legislative body of words having definite meanings creates no ambiguity and that such words are to be taken and understood in their plain, ordinary and popular sense. We have come to realize that that rule is not always a safe guide to follow in construing the language of a taxing statute. * * * It is our understanding, however, that the rule is still to be applied unless it can clearly be seen that Congress used the words in question in a broader or different sense than that which would ordinarily be attributed to them. * * *

"Travel * * * while away from home" in its "plain, ordinary and popular" sense means precisely what it says. It means travel

while away from one's home. There is no connotation that the trip must be an overnight one, nor do we think Congress intended such a connotation. Surely it would be absurd to say that an employee who flies from Boston to Washington on business and returns to Boston the same day is not entitled to the deduction, but that if he takes two days for the whole trip, he is entitled to the deduction. The petitioner's home was Independence and his daily post of duty in his employment was Independence, and on Sundays he traveled away from Independence to Parsons, and then back, in the business of his employer. Therefore, he is entitled to the deduction claimed for the automobile expense of such travel.

It is to be noted in the case at bar that the petitioner's employment was not inherently one that entailed traveling away from his home town and returning on the same day, such as might be the condition with a trucker, a bus driver or an employee on a short run of a railroad. In the case at bar the trips were in the nature of extra services attached to the petitioner's employment and not an inherent part of his work as a store manager. His travel took place on Sunday and was largely brought about by the war emergency. Furthermore, the expenses incurred in the case at bar were essentially those of travel and not expenses connected with the procurement of food. The expenses for which the petitioner herein is claiming a deduction are confined to the act of traveling. No part of them is expense inherent in supplying the personal needs of the petitioner, regardless of his location.

Reviewed by the Court.

*Decision will be entered for the petitioner.*

Van Fossan and Murdock, *JJ.*, concur only in the result.

———

Opper, *J.*, dissenting: The peculiar circumstances of this case surround it with an importance difficult to comprehend at first glance. As far back as the earliest revenue act, deduction of certain types of the expenses of travel was permitted under the general provision relating to business expense. S. 1048, 1 C. B. 101; A. R. R. 266, 3 C. B. 131; T. D. 3101, 3 C. B. 191. See *Frank H. Sullivan*, 1 B. T. A. 93. In 1921 there appeared for the first time a new subdivision in the classification of business expenses specifically confined not only to "traveling" expense, but modified by the phrase "while away from home in the pursuit of a trade or business." Revenue Act of 1921, sec. 214 (a) (1).

So far as my research shows, there has never been any occasion from that date to this to distinguish the expenses of getting about, where that is necessary as a business item, from "traveling expenses" as such in the narrow sense in which that term is used. The reason for this was that if the expenditure was required by the taxpayer's

business and not a personal expense denied deduction under section 24, it was of no consequence, in permitting the deduction, whether it was supportable as an ordinary and necessary business expense or as the expense of technical "travel."

The question has, however, been implicit in cases dealing with a different aspect of the problem. The 1921 amendment, in addition to creating the special class of deduction already mentioned, added as an accompaniment that the deduction could include "the entire expense of meals and lodging." This was a departure from the prior law, which treated such items or at least a part of them as personal expenses, the payment of which would have been required in any event, and which for that reason were denied deduction. T. D. 3101, *supra;* H. Rept. 350, 67th Cong., 1st sess., p. 11; S. Rept. 275, 67th Cong., 1st sess., p. 14; Statement of Dr. T. S. Adams, Tax Advisor, Treasury Department, before Executive Session, Finance Committee of Senate on 1921 Act, pp. 50, 234. Thus, in *Louis Drill,* 8 T. C. 902, a taxpayer whose occupation required him to travel in his business as far as another city 50 miles away was denied a deduction for meals while so employed. The record does not show the circumstances concerning the expense of getting from one point to the other, but, since petitioner's post of duty was in the one place and he was required to proceed to the other in the course of his employment, it can not reasonably be doubted that the expenses of transportation would have been deductible. See *Commissioner* v. *Flowers,* 326 U. S. 465. This, however, would not have been on the theory of traveling expense as such, but as the expense of his employment, for if the conclusion had been that petitioner was deducting his travel expenses, no justification would exist for eliminating the cost of his meals. And in fact the opinion states: "We do not understand petitioner to contend that he was on a travel status * * * and if he did so contend the evidence would not support it."

We are now squarely faced for the first time with the necessity of drawing a distinction between transportation expenses which are business expense, and traveling expenses as such. Only the latter are permitted as a separate deduction under the short form table permitted under Supplement T. Thus, it is not sufficient for us in this case to conclude that the items in question were business expenses and hence deductible. We must concentrate on the problem of whether they are within that narrow class specified as "traveling expense," for there are many business expenses deductible under the long form which are not included as permissible deductions under Supplement T. An example could be the payment of trade association dues or subscriptions by an employee. Clearly this would be deductible as a business expense under the general provisions of section 23. Just as

clearly, it would not be permissible in connection with the use of the short form. And in my view the costs of transportation, as distinguished from traveling expense, is another.

There is nothing unjust about denying such a deduction as the one involved here. Congress gave taxpayers an option to be exercised entirely at their election and accompanied it by certain conditions. Since it seems to me the decision here repudiates that legislative requirement which petitioner selected of his own volition, I believe the result to be wrong, and respectfully dissent.

HARRON, *J.*, agrees with the above dissent.