Victor J. Meyer v. Commissioner.
Meyer v. Commissioner
Docket No. 25262.
United States Tax Court
1951 Tax Ct. Memo LEXIS 209; 10 T.C.M. (CCH) 511; T.C.M. (RIA) 51155; May 31, 1951
Cyril C. Foster, Esq., for the petitioner. David F. Long, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The Commissioner has determined a deficiency of $170.82 in petitioner's income tax for 1946. The only question in issue is whether petitioner is entitled to deduct the cost of meals while serving a regular daily trucking route for his employer. Findings of Fact Petitioner resides at Milwaukee, Wisconsin. Presumably he filed his return for 1946 with the collector of internal revenue for the district of Wisconsin. During 1946 petitioner was employed as a truck driver by Omar Baking Company. He had been so employed for about eleven years. He delivered bakery products made at his employer's plant in Milwaukee to a distribution point in Fond du Lac, Wisconsin, a distance of approximately *210 68 miles. He worked six days a week, with Saturdays off, and was paid on an hourly basis according to union wage standards. On Sundays, Mondays, Tuesdays, and Wednesdays, he usually left Milwaukee at about 8:30 p.m. and arrived at Found du Lac at about midnight. He left Found du Lac at about 2:30 a.m. and arrived back in Milwaukee at about 5:00 or 5:30 a.m. It was his custom to eat lunch at West Bend, about one-half way between Milwaukee and Fond du Lac, dinner at Fond du Lac, and sometimes to get breakfast in Milwaukee before returning to his home. On Thursdays and Fridays he would make two round-trips a day, leaving Milwaukee about 11 a.m. and arriving in Fond du Lac at about 2:30 p.m.., returning to Milwaukee at about 7:00 p.m.; leaving Milwaukee as soon as the truck could be reloaded; arriving at Fond du Lac on the second trip at about midnight; leaving Fond du Lac at about 3:00 a.m., and arriving at Milwaukee at about 5:00 or 5:30 a.m. On those trips he usually stopped for meals at West Bend and got breakfast in Milwaukee before returning to his home. He was not reimbursed by his employer for any of his meals. He was on duty every week during 1946 except for two weeks vacation *211 and two days of sick leave. Petitioner lived with his family, which consisted of his wife and nine-year-old daughter, in a flat in Milwaukee. Opinion LEMIRE, Judge: Petitioner's return for 1946 is not in evidence, but the deficiency notice indicates that he reported a net income of $2,865.17 after deducting $375 as "cost of meals." The Commissioner disallowed the deduction, stating: "A taxpayer who returns home at the end of each day is not considered, for income tax purposes, to be traveling away from home and, therefore, the cost of meals constitutes a nondeductible personal living expense within the meaning of Section 24 of the Internal Revenue Code. Accordingly, the deduction of $375.00 has been disallowed." We think that the Commissioner's determination is correct. The facts here are essentially the same as those in Fred Marion Osteen, 14 T.C. 1261, where we sustained the Commissioner's disallowance of the cost of noonday meals to a taxpayer who made a daily round-trip as a postal clerk from Greenville, South Carolina, his home, to Charlotte, North Carolina. The distance between those two points was about 100 miles. We hold that the *212 cost of such meals was a personal expense, the same as though the taxpayer had worked a full day in Greenville and purchased his meal there. In that case we distinguished Kenneth Waters, 12 T.C. 414, on which the petitioner here relies, on the ground that it dealt with expenses of automobile travel and not meals. On the facts here the Commissioner's determination is sustained. Decision will be entered for the respondent.