## SUMMEROUR v. ALLEN, Collector of Internal Revenue.

### Civ. A. 806.

United States District Court
M. D. Georgia, Macon Division.
Aug. 22, 1951.

W. A. Slaton, Washington, Ga., for plaintiff.

John P. Cowart, U. S. Atty., Macon, Ga., T. Reese Watkins, Asst. U. S. Atty., Macon, Ga., for defendant.

DAVIS, Chief Judge.

During the year 1945, the plaintiff was employed by the Industrial Life and Health Insurance Company as its local agent. The territory which he served embraced Wilkes, Lincoln and Taliaferro counties. The plaintiff's duties consisted of contacting prospects to whom he might sell insurance, collection of premiums from policyholders and settlement of claims for benefits due

policyholders. The plaintiff resided in Washington, Wilkes County, Georgia, and had no office. Lincoln County is adjacent to Wilkes County on the east and Taliaferro County adjoins Wilkes County on the west. Proper performance of the plaintiff's duties required him to travel by automobile and bus over his entire territory, including the town in which he lived, and he averaged traveling one day per week in each of the three counties. He spent each night at his home in Washington. The Plaintiff was employed on a commission basis and was not reimbursed for any expenses incurred.

During the year the taxpayer expended the following sums for the items as shown:

| | |
|---|---|
| Gas and oil | $395.08 |
| Repairs to auto | 424.99 |
| Tires, etc. | 120.83 |
| Meals | 77.00 |
| Bus fares | 34.45 |

The total of these expenditures amounted to $1,052.35. The meals listed were bought in the towns of Crawfordville, Taliaferro county, and Lincolnton, Lincoln county, each of which is from 16 to 20 miles from his home.

In filing his return for 1945, the taxpayer treated these items as items deductible under Section 22(n)(2) of the Internal Revenue Code, 26 U.S.C.A. § 22(n)(2). He reported a gross income from commissions amounting to $7,770.54. From this amount he deducted the amounts listed above, and reported an adjusted gross income of $6,718.19. Under the provisions of Section 23(aa)(1)(A), he claimed the optional standard deduction of $500. The taxpayer paid the tax liability reflected on his return in the amount of $1,198.26.

Subsequently, the Commissioner, upon review of his return, made the following adjustments:

(a) The deduction for meals was disallowed.

(b) The other expenses were disallowed as deductions under Section 22(n)(2) of the Internal Revenue Code.

(c) The automobile and other transportation expenses were allowed under Section 23(a) of the Internal Revenue Code.

(d) The optional standard deduction was disallowed because it is allowed in lieu of deductions under Section 23(a), and it was advantageous to the taxpayer to allow the itemized deductions, rather than the optional standard deduction.

Based on these adjustments, the Commissioner made a deficiency assessment of $167.35, plus interest of $27.70. This assessment was paid on December 7, 1948. The Plaintiff filed his claim for refund on December 7, 1948, and the claim was disallowed by the Commissioner on September 28, 1949. The Plaintiff then filed this action.

This Court has jurisdiction of the parties and the action.

This case presents two questions: First, are the itemized expenses of the taxpayer, other than meals, deductible under Section 22(n)(2) of the Internal Revenue Code? Second, are the meals, for which the taxpayer claims a deduction, deductible under Section 22 or Section 23 of the Internal Revenue Code?

If the itemized expenses were deductible under Section 22(n)(2), then the taxpayer was entitled to said deduction and also to the optional standard deduction, which is in lieu of all deductions other than those provided for in Section 22.

Under the facts of this case, so much of the travel expenses, including gas, oil, repairs, tires and bus fares, as was expended in Lincoln and Taliaferro counties constituted "expenses of travel * * * while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee", which would be allowed as a deduction under Section 23. The term "away from home" is to be given its ordinary and customary meaning, in accordance with the general rule of statutory construction. Wallace v. Commissioner, 9 Cir., 144 F.2d 407. It follows that some portion of the taxpayer's expenditures for gas, oil, repairs, tires and bus fares, was properly deductible from his gross income in arriving at his adjusted gross income in accord-

320

ance with Section 22(n)(2) of the Internal Revenue Code.

With regard to expenses incurred in Wilkes County, under the present state of the record, I am unable to say whether any of those would constitute "expenses of travel * * * while away from home", within the meaning of Section 22(n)(2).

■ The taxpayer has failed to show what portion of his expenditures were incurred outside Wilkes County. The evidence shows that some of the expenses were incurred while working in and about his own home and expenditures·so incurred would not be deductible under Section 22 (n)(2) of the Internal Revenue Code.

■ The burden is on the taxpayer to prove the amount of the refund to which he is entitled.

■ Since it appears that some portion of the disallowance was proper and the taxpayer has failed to establish what portion was improper, the Court is unable to determine what sums were properly deductible under Section 22(n)(2). For that reason, there is no basis in the record on which this Court can award the taxpayer a refund. This Court cannot arbitrarily determine what portion of these expenditures were attributable to "travel * * * away from home".

■ The deduction for money expended on meals was properly disallowed. It is not deductible under Section 22(n)(2) or Section 23(a). This expense was not incidental to nor connected with business purposes, nor was it actually travel expense. It was a personal expense incurred for the convenience of the taxpayer and not required in the conduct of his business. For meals to be considered a travel expense, the travel must be of a more extended nature. Many employees are required, or for personal convenience choose, to purchase their mid-day meal. It is not an expense of travel nor an expense incurred in connection with his business. · Therefore, it was properly disallowed as a deduction.

The Defendant is entitled to a judgment.