**SCOTT v. KELM, Collector of Internal Revenue.**

**Civ. No. 363.**

United States District Court
D. Minnesota, First Division.

March 9, 1953.

George, Brehmer & McMahon, by C. Stanley McMahon, Winona, Minn., for plaintiff.

Fred Neuland, Special Asst. to the Atty. Gen., Philip Neville, U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

The above-entitled case was tried to the Court without a jury in the Courtroom of the Federal Courts Building, in the City of

St. Paul, Minnesota, on the 13th day of January, 1953.

Plaintiff brings this action to recover deficiency taxes paid under protest for the years 1945, 1946 and 1947, amounting to a total of $428.27. Payment of the taxes under protest, timely claim for refund, and denial thereof are admitted by defendant. The defendant determined a deficiency in petitioner's income tax for the years above stated, resulting in a disallowance of the plaintiff's claim for deduction for automobile and travel expenses, and deficiency tax and interest were levied and collected from plaintiff in the total amount of $428.27 for the three years.

During the taxable years mentioned, plaintiff, whose income for each year was in excess of $5,000, elected to be taxed on the basis of an adjusted gross income, in accordance with sections 23(aa) and 22(n) of the Internal Revenue Code, 26 U.S.C.A. §§ 22(n), 23(aa).[1] The assessment and payment of deficiency tax and interest stemmed from defendant's ruling that the claimed deductions were not incurred while petitioner was "away from home" within the meaning of the Internal Revenue Code.

The facts are undisputed. The plaintiff, hereinafter referred to as the taxpayer, is and at all times material to this action, was a resident of Winona, Minnesota. The taxpayer, during his tax years 1945, 1946 and 1947, was employed by Latsch & Son Company, a Minnesota corporation with its place of business at Winona, Minnesota. The company operated a wholesale grocery business, and during the years involved in this action taxpayer was manager of its fruit and vegetable department. As such manager he was compensated on both a salary and commission basis, said commission being computed on a percentage of the net profit of the fruit and vegetable department of the company.

As a part of taxpayer's employment he was required to travel once every ten days to and from Rochester, Minnesota (approximately 42 miles one way) and La-Crosse, Wisconsin (approximately 30 miles one way). He also travelled to and from St. Paul and Minneapolis, Minnesota (approximately 125 miles one way), and points in Illinois, on buying trips. He received no direct reimbursement from his employer for expenses incurred. Taxpayer also claims entertainment expense incident to national conventions in Chicago and Kansas City.

The testimony is undisputed that on the shorter trips plaintiff returned to Winona the same day. It is admitted by defendant that at least one-third of the amount

---

1. Section 23 (aa) provided in part as follows:

"(aa) Optional standard deduction for individuals.

"(1) Allowance. In the case of an individual, at his election a standard deduction as follow:

"(A) Adjusted gross income $5,000 or more. If his adjusted gross income is $5,000 or more, the standard deduction shall be $500.

\* \* \* \* \*

"(2) In lieu of certain deductions and credits. The standard deduction shall be in lieu of: (A) all deductions other than those which under section 22(n) are to be subtracted from gross income in computing adjusted gross income. \* \* \*."

Section 22(n) provided in part as follows:

"(n) Definition of 'adjusted gross income'. As used in this chapter the term 'adjusted gross income' means the gross income minus—

"(1) Trade and business deductions. The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

"(2) Expenses of travel and lodging in connection with employment. The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

"(3) Reimbursed expenses in connection with employment. The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer".

claimed by the taxpayer as the total due him as deductions is a bona fide claim as on those instances taxpayer "stayed over night", and thus his claims were within the statutory language above referred to.

Plaintiff's contention is that the statutory language is clear in its meaning and does not require the taxpayer to "stay over night." Counsel for defendant admits that this is the sole issue in this case and if the trips of the taxpayer (other than those where he stayed over night which are allowable) are within the statutory coverage, then taxpayer is entitled to the entire amount of his claim.

The issue of law may be stated as follows: Does the language of the Internal Revenue Code—specifically, the words "while away from home"—mean "away from home over night"?

Plaintiff relies on the ruling of the Court in Waters, Petitioner, v. Commissioner of Internal Revenue, Respondent, 12 T.C. 414.[2]

The Tax Court rejected the Commissioner's contention, stating that the history of the travel expense deduction shows there was no Congressional intent to give any special interpretation to the words "travel away from home", and that the statute means precisely what it says; that when petitioner travelled 36 miles in the business of his employer he was "away from home" within the meaning of the statute and entitled to the deduction claimed.

Defendant contends that ruling was an exception to the usual rule, because the situation arose during war years and travel

was necessary because of shortage of personnel.[3]

In the Drill case, supra, petitioner was a resident of Newark, New Jersey. His employer was running about eight jobs, one as far south as Asbury Park, a distance of about 50 miles from Newark. During 1943, and because of a manpower shortage, petitioner agreed to and did work overtime an average of three nights a week. For a period of between seven and eight months, this overtime work was done on the job at Asbury Park. On those evenings, when petitioner worked overtime, he had his evening meals at restaurants instead of at his house. Petitioner claimed deductions for clothing expense and costs of meals, which claim the Commissioner denied on the ground that such claim (as personal expense) was not deductible unless in connection with travel expense. The Commissioner stated that petitioner had not contended he was in a travel status and if he did so contend, the evidence would not support it.

In the Bell case, supra, petitioner used an automobile in soliciting insurance business in her home city and its suburbs and in driving from home to the market in the operation of her cafeteria. It was held that the expense of the automobile operation was a deductible item in computing petitioner's adjusted gross income under the provisions of section $22(n)(1)$, the Court finding that petitioner was an independent contractor. The Court, while noting the Waters case, distinguished the fact situation as an emergency.

In the Kershner case, supra, petitioner was employed as an agent of a life insur-

2. In the Waters case the taxpayer was employed as manager of a grocery store on a salary and commission basis. In 1944, he filed his return under the "short form" provision of Supplement T, Section 400, I.R.C., 26 U.S.C.A. § 400. His employer operated a chain of stores, the manager of which lived some 36 miles away, and petitioner was required to report to the manager every Sunday for the purpose of discussing the business of the preceding and following week. There was no arrangement for his automobile expense and on his income tax re-

turn he claimed a deduction of $249.60 as "travel expenses", which was disallowed not because the amount was unreasonable but because the Commissioner said they are not deductible under the provisions of section 22 (n) (2).

3. Defendant cites further in support of his position the following: Kershner v. Commissioner of Internal Revenue, 14 T. C. 168; Bell, Petitioner v. Commissioner of Internal Revenue, Respondent, 13 T.C. 344, and Drill, Petitioner v. Commissioner of Internal Revenue, Respondent, 8 T. C. 902.

ance company. The Court found that he was an employee and that his travels were for the most part in the city limits of his home. While petitioner testified to making occasional trips into the surrounding country, he was unable to state the frequency of them or to relate any of them to the taxable year. So while denying the deductions under 22(n)(2), the Court did not specifically rule on any overnight interpretation.

Having considered the contentions of both plaintiff and defendant, I am in accord with the language of the Court in the Waters case:[4]

"There is nothing in the legislative history of the travel expense deduction provision of sections 22 and 23 of the Internal Revenue Code to show that Congress intended any such special interpretation of the words 'travel * * * while away from home' as the respondent here advocates.

"In Helvering v. Rebsamen Motors, Inc., 8 Cir., 128 F.2d 584, at page 587, the Court said:

"'(1) We followed the rule that the use by a legislative body of words having definite meanings creates no ambiguity and that such words are to be taken and understood in their plain, ordinary and popular sense. We have come to realize that that rule is not always a safe guide to follow in construing the language of a taxing statute. * * * It is our understanding, however, that the rule is still to be applied unless it can clearly be seen that Congress used the words in question in a broader or different sense than that which would ordinarily be attributed to them. * * *'"

Therefore, I conclude that the deductions claimed by the plaintiff are within the statutory language "away from home", and were properly deductible.

4. See also Arkansas-Oklahoma Gas Co. v. Commissioner of Internal Revenue, 8 Cir., 201 F.2d 98, 102, wherein the Court stated:

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendant may have an exception.

"The Commissioner has no more power to add to the Act what he thinks Congress may have overlooked than he has to supply what Congress has deliberately omitted."