FRANK N. SMITH AND ELIZABETH B. SMITH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45183.  Promulgated March 24, 1954.

*Laurence A. Stannard, Esq.*, for the petitioners.
*S. Jarvin Levison, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* We have but one issue in this case and that is whether petitioner Frank N. Smith is entitled to deduct from his gross income in determining his adjusted gross income, $370 automobile expenses which he incurred in 1949 under the circumstances which are narrated in the stipulation.

The applicable provision of the Internal Revenue Code is printed in the margin.[1]   It is clear from the facts which have been stipulated

---

[1] SEC. 22. GROSS INCOME.

(n) DEFINITION OF "ADJUSTED GROSS INCOME."—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals and lodging

that paragraphs (1) and (3) of section 22 (n) do not apply. *Kenneth Waters*, 12 T. C. 414. In fact, both parties are agreed that section 22 (n) (2) is the provision of the statute which is applicable to the facts of the instant case.

The petitioners rely heavily upon our decision in *Kenneth Waters*, *supra*. We think the *Waters* case is distinguishable. In that case the taxpayer was the manager of a grocery store in Independence, Kansas, which was part of a chain operation. As manager, the taxpayer was required to report to his supervisor every Sunday in Parsons, Kansas, 36 miles away. Under such facts, we held that in arriving at his adjusted gross income for 1944, the taxpayer was entitled to the deduction of expenses incurred in the operation of his automobile under the provisions of section 22 (n) (2) of the Code. Even if we should assume that such part of his automobile expenses as was incurred by petitioner in traveling outside the boundaries of the city of Corning, New York, but within the confines of the county of Steuben, New York, is deductible under the holding of the *Waters* case, *supra*, we would be unable to allow the deduction here because we cannot determine from the facts which have been stipulated how much of the $370 was so incurred.

Paragraph 6 of the stipulation reads:

> 6. Petitioner's operation of his personal automobile, as required by his employment, was partly within the boundaries of the city of Corning, New York, and partly outside the boundaries of the city of Corning, New York, but within the confines of the county of Steuben, New York, within which the city of Corning is located. At no time did petitioner's duties require him to be away over night.

We do not attach any importance to that part of the above stipulation which says: "At no time did petitioner's duties require him to be away over night." See *Kenneth Waters*, *supra*. But we do attach vital importance to the remainder of the facts embodied in paragraph 6 of the stipulation.

The courts have uniformly held that a taxpayer's home means his place of business, employment, or post or station at which he is employed. *Commissioner* v. *Flowers*, 326 U. S. 465; *Raymond E. Kershner*, 14 T. C. 168; *Moses Mitnick*, 13 T. C. 1. Petitioner lived in Chemung County, New York. He was employed by the Corning Building Company in Corning, Steuben County, New York. Peti-

---

while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;

(3) REIMBURSED EXPENSES IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home), which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer;

tioner's duties required him to sell construction materials, make estimates, and supervise some construction. All of petitioner's duties were carried on within Steuben County. A portion of his duties was carried on within the city limits of Corning; however, the stipulation does not indicate how much of the $370 of automobile expenses was incurred for traveling within the city limits of Corning. It seems clear to us that whatever part of the $370 in question which was incurred by petitioner in the operation of his automobile within the city limits of Corning would not be deductible.

In *Chester C. Hand, Sr.*, 16 T. C. 1410, the taxpayer was not permitted a deduction for his automobile expense as all of his traveling was performed within the city of Chicago. The taxpayer in *Raymond E. Kershner, supra*, was principally employed in the city of Martinsburg, West Virginia, and the use of his automobile was necessary. However, he was not allowed a deduction under section 22 (n) (2) as our Court found the city of Martinsburg to be his "home." No deduction was permitted for the expenses of his trips into the surrounding county as no evidence was adduced to indicate that he made any such trips during the taxable year.

As we have already stated, somewhat the same sort of situation exists here. It has been stipulated that "During the year 1949 petitioner expended $370 for the use of his automobile in connection with his employment," but it has not been stipulated how much of this was incurred while traveling in the city of Corning and how much was incurred while traveling within the boundaries of Steuben County, but outside the boundaries of the city of Corning.

In *Summerour* v. *Allen* (M. D. Ga., 1951), 99 F. Supp. 318, the taxpayer was an insurance agent who served 3 counties. He resided in Washington, Wilkes County, Georgia, and had no office. To perform his duties he had to travel in all 3 counties. The court held that since it was unable to determine from the evidence which expenses were incurred in or about taxpayer's home and which were incurred while away from home, the taxpayer did not carry his burden and, therefore, no portion of the expenses was deductible under section 22 (n) (2).

For the reasons stated above petitioners' assignment of error cannot be sustained.

*Decision will be entered for the respondent.*