*Decision will be entered under Rule 50.*

DOUGLAS A. CHANDLER AND ALISE CHANDLER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 47764. Filed January 19, 1955.

*Paul B. Sargent, Esq.,* for the petitioners.
*R. Monroe Schwartz, Esq.,* for the respondent.

**654**

TIETJENS, *Judge:* All of the facts have been stipulated and we adopt the stipulation by reference.

Respondent determined a deficiency of $96.34 for the year 1950.

During 1950 petitioner was employed by the City of Attleboro, Massachusetts, as principal of its high school, at a salary of $5,480.

Also, during 1950 petitioner was employed by Boston University as a teacher of accounting in its night division in Boston, Massachusetts, for which he received $2,090.

Petitioner, who filed a joint return for 1950 with his wife with the collector of internal revenue for the district of Massachusetts, reported the income received from the City of Attleboro and Boston University as follows:

| Employer's name | Where employed | Amount of income tax withheld | Total wages |
|---|---|---|---|
| City of Attleboro, Mass. | Attleboro, Mass. | $545.80 | $5,480.00 |
| Boston University | Boston, Mass. | 319.10 | 1 1,555.31 |
| | | $864.90 | $7,035.31 |

1 Salary _____ $2,090.00
Less traveling expenses (see statement) _____ 534.69

$1,555.31

The above was the only income received by petitioner. His wife had no separate income.

The travel expenses were for automobile expenses between the cities of Attleboro and Boston which are in different counties and are approximately 37 miles apart.

Petitioner maintained his home in Attleboro. He traveled by automobile from Attleboro to Boston two evenings a week for a period of 32 weeks during 1950 for the purpose of conducting classes at Boston University. His duties in Boston did not require him to be away from Attleboro overnight and on no occasion did he remain overnight in Boston.

Petitioner was not required by either of his employers to incur any travel expenses in connection with his duties and the performance by him of services as an employee. Neither was there any arrangement with either employer to be separately reimbursed for the expense and operation of his automobile.

In their income tax return for 1950 petitioners took as deductions on page 3 of the return the optional standard deduction amounting to $703.53 in arriving at net income.

In determining the deficiency herein respondent disallowed the $534.69 travel expenses detailed above and increased the optional standard deduction by $53.47. In disallowing the travel expenses

the respondent stated: "Auto expenses disallowed as a deduction in computing adjusted gross income. Tax has been computed on basis of the standard 10% deduction."

The sole issue to be decided is whether petitioner was entitled to take his automobile expenses as a deduction in computing "adjusted gross income."

Both parties agree that the only section of the Internal Revenue Code of 1939 involved is 22 (n) (2). That section permits petitioner to take as a deduction in computing "adjusted gross income" his "expenses of travel * * * in connection with the performance by him of services as an employee." No question is here involved as to whether the expenses would be deductible under section 23 (a) (1) (A) and respondent concedes that if that section were applicable the claimed amount could be deducted as ordinary and necessary business expenses.

There is also apparent accord between the parties that the decisive factor in the case is whether or not the phrase "while away from home" should be interpreted as meaning "away from home overnight," respondent arguing that it should and petitioner that it should not. On this point petitioner cites *Kenneth Waters*, 12 T. C. 414; *Scott* v. *Kelm*, 110 F. Supp. 819; *Summerour* v. *Allen*, 99 F. Supp. 318; and *Frank N. Smith*, 21 T. C. 991.

But this point, in our opinion, needs no discussion since we do not consider it crucial. We think the important portion of the statutory language is that the expenses must be incurred "in connection with the performance by him (petitioner) of services as an employee." Petitioner's home was in Attleboro where his principal employment lay. He was also employed two evenings a week by another employer in Boston and, of course, it was necessary for petitioner to travel in order to reach Boston. Nevertheless, travel expenses are not deductible under the section of the Code here involved unless they were incurred in the performance of petitioner's services as an employee. Teaching at Boston University required no travel in connection therewith. Indeed, it is stipulated that neither of petitioner's employers required him to incur any travel expenses in connection with his duties and the performance of services.

In our view, petitioner is no better off than any other person living in Attleboro and employed in Boston. For such a person the expenses of travel between the two cities would simply be expenses of traveling from home to the place of employment, and such expenses have long been held to be not deductible. 4 Mertens, Law of Federal Income Taxation, sec. 25.83. There must be a more demonstrable connection between the travel expenses and the carrying out of petitioner's employment than exists here before such expenses can be deducted under section 22 (n) (2). See *Raymond E. Kershner*, 14 T. C. 168, where

claimed expenses were disallowed because the Court was "unable to determine from the evidence whether such expenditures were incurred by petitioner in the course of the performance of his duties as an employee * * *."

In the cases cited by petitioner it appears that the use of an automobile by the employee was necessary in carrying out his duties as an employee. In *Kenneth Waters, supra*, the employee was "required" to report to a superior on weekends for business purposes. In *Scott v. Kelm, supra*, the employee "As part of [his] employment * * * was required to travel once every ten days" to other cities than his home. In *Summerour v. Allen, supra*, where the taxpayer failed to carry his burden of proof, "proper performance of [his] duties required him to travel * * *." And in *Frank N. Smith, supra*, it was stipulated that "the proper performance of petitioner's duties required him to use and operate his personal automobile in connection with his duties and in furtherance of his employer's business."

In those cases it will thus be seen that the claimed expenses bore a closer relationship to carrying out the employee's duties than expenses incurred in going to and from home and place of employment.

*Decision will be entered for the respondent.*