*Decisions will be entered under Rule 50.*

FRANK FISHER AND LAVERNA R. FISHER, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49569. Filed May 25, 1955.

---

*James B. Wallace, Esq.*, for the petitioners.
*John L. Carey, Esq.*, for the respondent.

**OPINION.**

TIETJENS, *Judge:* Read together with section 23 (a) (1) (A) of the Internal Revenue Code of 1939, section 22 (n) (1)[1] permits a taxpayer in computing his adjusted gross income to deduct all of his ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, if such trade or business does not consist of the performance of services as an employee, even though he has elected to take the standard deduction provided in section 23 (aa) (1) (A). Here it is conceded that petitioner's expenses were ordinary and necessary and that the performance of his duties as a judge constitutes a trade or business within the meaning

---

[1] SEC. 22. GROSS INCOME.

    (n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

        (1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee;

of section 23 (a) (1) (A).[2] We must decide whether petitioner's trade or business consisted of the performance of services as an employee.

In *J. Rene Harris*, 22 T. C. 1118 (1954), we had a similar question involving a United States postmaster of the second class. There, after considering the background of section 22 (n) (1), we concluded that this section was designed to provide a business expense deduction for the taxpayer who worked independently and whose business expenditures were a "substantial factor in earning and enhancing the profits anticipated from the enterprise"; as distinguished from one who was under the supervision and control of another, and the amount of whose earnings "was not so likely to be influenced by, or so directly dependent upon," such business expenditures. On the facts before us we have difficulty in conceiving of the petitioner as an individual enterpriser, or as "being on his own." While it is true that petitioner's work in adjudicating cases requires the exercise of independent judgment, we think it hardly arguable that he is thereby conducting his own business. The appointive duties as well as the duty of judicially determining controversies which are performed by petitioner are primary functions of the government of the State of Indiana, and the State pays petitioner, upon his election, a fixed salary each year for carrying out these duties. The amount of petitioner's salary is fixed by law and is not dependent on or directly related to his expenditures. Although petitioner is not subject to control or supervision in the performance of his official duties, it is certainly understood that he will dispose of the cases arising in his circuit expeditiously and in a manner in keeping with judicial standards. Petitioner must perform his duties in a place appointed by law, using the physical facilities provided by the State, and in the administration of his court (as distinguished from actually deciding cases) he is assisted by persons paid by the State, e. g., a probation officer and bailiff. For the foregoing reasons we are of the opinion that for purposes of section 22 (n) (1) petitioner is an employee of the State of Indiana and is not, therefore, entitled to deduct the claimed expenses from his gross income in determining adjusted gross income.

As an alternative argument in the event we should hold, as we have, that petitioner was an employee within the meaning of section 22 (n)

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

,(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered;

(1), petitioner contends that under section 22 (n) (2) [3] he is entitled at least to deduct the expenses of travel, meals, and lodging incurred while away from home in connection with the performance of services as an employee. The stipulation of the parties lists "Travel Expense" for 1949 and 1950 in the amounts of $286.94 and $292.80, respectively. It is agreed that these expenses were reasonable and necessary to the performance of petitioner's duties as a judge. While there is no direct evidence to show to what places petitioner traveled in incurring this expense, it is shown that he was paid for serving as a special judge in other circuit courts of Indiana for a total of 21 days in 1949 and 16 days in 1950. We think this is a sufficient showing that petitioner's claimed travel expenses were incurred in traveling outside his own circuit to other circuits in the State of Indiana. Respondent makes no contrary contention. Since petitioner's home under our decisions is the place where his own circuit court is located (*Mort L. Bixler*, 5 B. T. A. 1181, 1184 (1927); *Walter M. Priddy*, 43 B. T. A. 18, 31 (1940)), these expenses are expenses of travel while away from home within the meaning of section 22 (n) (2) and may be deducted from gross income in computing petitioner's adjusted gross income. *Kenneth Waters*, 12 T. C. 414 (1949).

*Decision will be entered under Rule 50.*

---

[3] SEC. 22. GROSS INCOME.

(n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

\* \* \* \* \* \*

(2) EXPENSES OF TRAVEL AND LODGING IN CONNECTION WITH EMPLOYMENT.—The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee;