Fred C. and Evelyn P. Riley v. Commissioner.
Riley v. Commissioner
Docket No. 59794.
United States Tax Court
T.C. Memo 1957-117; 1957 Tax Ct. Memo LEXIS 135; 16 T.C.M. (CCH) 485; T.C.M. (RIA) 57117; June 28, 1957
*135 Petitioners' home during the taxable year ended December 31, 1952, is held to be in Atlanta, Georgia, rather than in Nashville, Georgia. During the period April 14, 1952, to August 9, 1952, petitioner Fred C. Riley was employed by George S. May Company with his headquarters in Atlanta. During this period petitioner paid certain expenses in connection with this employment, a part of which was reimbursed by his employer. Petitioner has not shown that any of the unreimbursed expenses were incurred away from home. Held, petitioners are not entitled to deduct any part of the unreimbursed expenses, under section 22(n)(2) of the Internal Revenue Code of 1939. Clyde W. Chapman, Esq., Atlanta National Building, Atlanta, Ga., for the petitioners. Miller Bowen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined a deficiency in income tax for the taxable year ended December 31, 1952, in the amount of $321.20. The sole issue is whether the respondent erred in disallowing "travel expense" in the amount of $1,607.57. Findings of Fact Petitioners are individuals, husband and wife, who reside in Atlanta, Georgia. They filed a joint income *136 tax return for the taxable year ended December 31, 1952, with the director of internal revenue for the district of Georgia. Petitioner Fred C. Riley [1] had been employed as a public accountant in Atlanta, Georgia, from 1940 until November 1949, at which time petitioners moved from Atlanta to Nashville, Georgia, where they rented a home on a yearly basis. The last lease on this home expired on October 31, 1952, and it was not renewed. Petitioner began practicing public accounting in Nashville, Georgia, and maintained an office there until November 1951. Evelyn acquired a tire-recapping and vulcanizing plant at Nashville, Georgia, in May 1950 and sold it October 29, 1951. In November 1951, petitioner returned to Atlanta, Georgia, and began an audit for Atlanta Band Mill located in a suburb of that city. On January 15, 1952, Eveyln began working for Georgia Rubber Company and G. T. Duke Company (partnerships owned by the same two individuals) in Atlanta, Georgia. She remained employed by them continuously until December 1954. On April 14, 1952, while *137 petitioner was still working on the audit of Atlanta Band Mill, he also began working for George S. May Company of Chicago, Illinois, as a special representative in the districts of Georgia, North Carolina, and South Carolina. Prior to entering upon this employment he received a form letter from the George S. May Company, which stated, in part, as follows: "This letter is directed to you to thoroughly familiarize you with the position for which you have made applicaton. * * *
"This is a traveling sales position, and while such travel may be limited in some cases, it is still essential that a man have a good operating, late model car. Traveling expenses, including hotel, meals, tips, car operating expenses, toll fees and meter parking, are allowed and are paid by expense voucher every two weeks. * * * "Every Special Representative operates from a headquarters city within his working area, one of his choosing, and in which no expenses will be allowed other than for the operation of his automobile." Petitioner chose to work for the George S. May Company in Atlanta, Georgia, and for the purpose of traveling expenses incurred on behalf of the George S. May Company, his "headquarters city" *138 was Atlanta. He was reimbursed for all expenses incurred away from the city of Atlanta, and for the operation of his automobile in Atlanta, to the extent that he made claim therefor to his employer. While in Atlanta, he was also paid 75 cents a day for lunch money, 5 days a week. Petitioner resided in hotels in Atlanta, Georgia, from November 1951 until April 18, 1952, when he and his wife rented a furnished apartment at 145 Elizabeth Street, N.E., Atlanta, Georgia. He and his wife have resided at this address continuously since that time. Petitioner's employment with George S. May Company was terminated on August 9, 1952, for failure to produce the minimum required sales. On their joint income tax return for the year 1952, the petitioners reported salary received by petitioner from the George S. May Company of $1,823.40 and deducted therefrom $1,607.57 as travel expenses not reimbursed by the George S. May Company, which latter amount petitioners itemized as follows: Total
Reimbursed
Expenses
Travel
By
Not
Expenses
Employer
Reimbursed
Lodging and Pullman
$ 423.74
$ 76.98
$ 346.76
Meals and tips
645.02
128.01
517.01
Railroad and bus fares
174.26
170.11
4.15
Automobile and taxi
769.54
110.55
658.99
Telephone and telegraph
56.73
12.70
44.03
Postage
45.00
8.37
36.63
Totals
$2,114.29
$506.72
$1,607.57
In *139 the notice of deficiency mailed to the petitioners on July 8, 1955, the respondent disallowed the $1,607.57 traveling expenses claimed by petitioners and gave the following as his explanation: "In the absence of proper evidence to substantiate automobile and traveling expenses in the amount of $1,607.57 claimed on your 1952 return as having been incurred by you as an employee of the George S. May Company, the deduction has been disallowed and your income has been increased accordingly." Included in the automobile and taxi expenses of $769.54 is depreciation on petitioner's automobile based upon a cost of approximately $2,600 and a depreciation rate of 25 per cent a year. During the taxable year ended December 31, 1952, petitioners' home was Atlanta, Georgia. Opinion Petitioners contend that during the taxable year in question and particularly during the period April 14 to August 9, 1952, their home for tax purposes was in Nashville, Georgia, and that, therefore, all unreimbursed expenses incurred by petitioner in Atlanta while working for the George S. May Company are deductible under section 22(n)(2) of the Internal Revenue Code of 1939[2] *141 as expenses incurred by petitioner while "away *140 from home." Respondent contends that the home of petitioners for tax purposes during 1952 was in Atlanta, and that the unreimbursed expenses in question were not incurred while away from home but were personal, living or family expenses not deductible under section 24(a)(1) of the 1939 Code. [3] We think the evidence shows that petitioners' home during 1952 was in Atlanta, Georgia, rather than Nashville, Georgia, and we have so found as an ultimate fact. Petitioner had lived and worked in Atlanta from 1940 until November 1949 when he and his wife moved to Nashville. At Nashville, petitioner became self-employed as a public accountant and his wife acquired a tire-recapping plant which she later sold on October 29, 1951. Shortly thereafter, in November 1951, petitioner returned to Atlanta to begin an audit for a company located in a suburb of that city. His wife joined him there in January 1952 and secured employment in Atlanta with two partnerships, where she worked continuously until December 1954. Before petitioner had finished his audit he also became employed as a special representative for the George S. May *142 Company. This company required its special representatives to choose a "headquarters city" from which to work. On or about April 18, 1952, petitioner and his wife rented a furnished apartment in Atlanta, where they are still residing. On the joint return for 1952, petitioner gave Atlanta as his home address and listed his occupation as bookkeeper and public accountant. The George S. May Company paid all of petitioner's travel expenses incurred outside of Atlanta and, in addition, paid automobile expenses incurred in the city to the extent requested by petitioner, plus 75 cents per working day for lunch money in Atlanta. Petitioner's employment with the George S. May Company was terminated on August 9, 1952. We think Atlanta was not only selected by petitioner as his business home, but Atlanta was recognized by the George S. May Company as petitioner's headquarters city under the working agreement of the parties. We think these evidentiary facts clearly show petitioners' home during 1952 was in Atlanta and we so hold. See Commissioner v. Flowers, 326 U.S. 465; Harold R. Johnson, 17 T.C. 1261; Frank N. Smith, 21 T.C. 991. The only expenses petitioner has claimed are those connected *143 with his employment by the George S. May Company that were not reimbursed by that company. Since petitioner has not shown that any of the unreimbursed expenses were incurred by him while away from his home in Atlanta, and since an employee is entitled to travel expenses only when away from home, it follows that petitioners are not entitled to deduct under section 22(n)(2) any portion of the expenses disallowed by the respondent. Horace E. Podems, 24 T.C. 21. Decision will be entered under Rule 50. Footnotes
1. Petitioner Fred C. Riley will hereafter be referred to as petitioner and petitioner Evelyn P. Riley will hereafter be referred to as Evelyn.↩
2. SEC. 22. GROSS INCOME. * * *
(n) Definition of "Adjusted Gross Income". - As used in this chapter the term "adjusted gross income" means the gross income minus - (1) Trade and Business Deductions. - The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee; (2) Expenses of Travel and Lodging in Connection with Employment. - The deductions allowed by section 23 which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee; * * *
SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or Business Expenses. - (A) In General. - * * * traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business * * *. 3. SEC. 24. ITEMS NOT DEDUCTIBLE. (a) General Rule. - In computing net income no deduction shall in any case be allowed in respect of - (1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x); * * *↩