GEORGE N. MEISSNER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAE M. WHITAKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

GEORGE B. RODGERS AND BERTHA M. RODGERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8451, 8452, 8490. Promulgated April 3, 1947.

*Chase Morsey, Esq.,* for the petitioners.
*Richard A. Jennings, Esq.,* for the respondent.

## OPINION.

ARUNDELL, *Judge*: The Ida I. McKinney trust in the taxable years received both taxable and exempt income, and it incurred certain expenses in the management of the properties. All of the net income of the trust was currently distributable to the five beneficiaries. Respondent, acting under section 24 (a) (5) of the Internal Revenue Code,[1] as amended by the Revenue Act of 1942, disallowed as a deduction by the trust that portion of the expenses allocable to the exempt income. Petitioners do not contend that his action in that respect was erroneous; but they do contend, in substance, that in determining the amounts of taxable income currently distributable to the beneficiaries, all the expenses of the trust should be charged against the taxable trust income.

Since the stipulated facts are rather meager, the real issue between the parties can perhaps best be made understandable by the use of an illustration to which the respective parties have resorted in their briefs. For example, assume that a trust, all the net income of which is currently distributable, receives a gross income of $100,000, $10,000

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

* * * * * * *

(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter, or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter ;

* * * * * * *

of which is taxable and $90,000 of which is exempt. The trust incurs $5,000 expenses. Under section 24 (a) (5) of the code, the trust will be allowed as a deduction only $500 of the expenses and will have a net taxable income of $9,500 before deduction under section 162 (b) for amounts currently distributable to the beneficiaries. The remaining $4,500 of expenses is disallowed as a deduction by the trust because allocable to the exempt income.

In the illustration given, according to the contention of the petitioners the beneficiaries of the trust would receive $90,000 exempt income and $5,000 taxable income, whereas according to the contention of respondent they would receive $9,500 taxable income and only $85,500 exempt income.

The petitioners' position is based on the premise that all the expenses are chargeable to the gross taxable income of the trust, with the result that they receive only the net amount of $5,000 taxable income and that the $90,000 gross exempt income of the trust comes intact into the hands of the beneficiaries without reduction on account of any expenses. We think this premise is fallacious, and thus falls the petitioners' case.

There is no reason in law or in fact to support a conclusion that the gross exempt income of the trust passes into the hands of the beneficiaries without reduction for any expenses. Under the law as it has stood since the beginning of the taxable years here involved, expenses which are allocable to exempt income are disallowed as deductions for income tax purposes. The only rational conclusion is that these expenses, disallowed because allocable to exempt income, are chargeable thereto and serve to reduce the amount of such income which the beneficiaries ultimately receive. Thus, in the illustration given, the beneficiaries receive, not the gross amount of $90,000 exempt income, but $90,000 less $4,500 expenses, or a net amount of $85,500 exempt income. Likewise, they receive, not $5,000 taxable income, but $10,000 minus $500, or $9,500 net taxable income; and the trust is allowed a deduction under section 162 (b) for the $9,500 taxable income currently distributed to the beneficiaries, leaving it with no taxable net income.

For the reasons stated, we hold that the respondent, in determining the amounts of trust income taxable to the beneficiaries for the years 1942 and 1943, properly deducted from the amounts of taxable income of the trust the amounts of $4,435.90 and $4,031.95, respectively.

While the parties have not cited or discussed them, we think it well to point out that our conclusion herein is not in conflict with such decisions as *John H. Watson, Jr., et al., Trustees*, 35 B. T. A. 706; *J. Cornelius Rathborne*, 37 B. T. A. 607; and *Estate of Richard E. Traiser*, 41 B. T. A. 228, all of which were decided under revenue

acts containing no provision like that in section 24 (a) (5) of the code disallowing expenses allocable to exempt income and interest.

*Decisions will be entered under Rule 50.*