DAVID E. DEASON AND PATRICIA DEASON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3993–62. Filed January 10, 1964.

David E. Deason, pro se.
*James H. B. Dillard,* for the respondent.

BRUCE, *Judge:* Respondent determined deficiencies in the income taxes of petitioners for the years and in the amounts as follows:

| Year | Deficiency |
|------|-----------|
| 1959 | $226. 83 |
| 1960 | 199. 99 |

The sole issue is whether certain automobile expenses incurred by petitioner David E. Deason in earning his compensation as a minister are deductible as business expense. The facts are fully stipulated and are as herein set out. Petitioner David E. Deason represented petitioners at the hearing. No brief has been submitted on petitioners' behalf.

At all times material herein, petitioners were husband and wife and resided at Fort Worth, Tex. Petitioners filed joint Federal income tax returns for the calendar years involved on the cash method of accounting with the district director of internal revenue at Dallas, Tex. Since the deficiencies determined involve expenses incurred by David E. Deason, he hereinafter will be referred to as petitioner.

On August 19, 1956, the Hay Valley Baptist Church located at Hay Valley, Tex., called petitioner to be their minister. The church offered a salary of $25 per week. This call was accepted by petitioner 1 week later, whereupon he became the official minister of that church.

On September 16, 1956, the Hay Valley Baptist Church officially provided that the pastor's salary was to be used to maintain a parsonage to the extent that such maintenance did not exceed his salary. In 1959 and 1960 the maintenance expense for petitioner's home was $1,238.65 and $1,309.57, respectively.

On their Federal income tax return for 1959 petitioners reported total wages or salaries in the amount of $9,159.51, of which $1,300 represented salary received by petitioner from the Hay Valley Baptist Church. Of the remaining amount received by one or the other of the petitioners, $4,805.46 represented salary from the Fort Worth Independent School District, $2,403 represented wages from Burleson Independent School District, and $651.05 represented wages from Pulliam, Inc. From their total wages and salaries petitioners excluded the amount of $1,238.65 as rent and utilities on a ministerial residence, thus reporting gross income in the amount of $7,920.86. Petitioners deducted $1,755.03, representing 85 percent of total automobile expense reported which they claimed as business expense. Respondent in his statutory notice of deficiency disallowed $1,145.64 of this expense.

On their Federal income tax return for 1960, petitioners reported total wages and salaries in the amount of $9,023.27, of which $1,300 represented petitioner's salary from the Hay Valley Baptist Church,

and $3,758.62, $3,228, and $736.65, respectively, represented salaries received by one or the other of petitioners from the Fort Worth Independent School District, Burleson Independent School District, and Pulliam, Inc. Petitioners reported gross income in the amount of $7,713.70, which represented total wages and salaries reported less $1,309.57 excluded as rent and utilities on a ministerial residence. Petitioners deducted $1,532.63, representing 85 percent of total automobile expense reported which they claimed as business expense. Respondent disallowed $9.57 of the amount deducted by petitioners for maintenance of a ministerial residence and $1,000.47 of the amount claimed as automobile expenses.

The amounts of automobile expenses disallowed by respondent were attributable solely to petitioner's travel to and from the Hay Valley Baptist Church in performance of his function there as a minister.

The sole issue for determination in this case, as stated in respondents' brief, is whether the deductions claimed by the petitioner as business expenses incurred in earning his compensation as a minister from the Hay Valley Baptist Church are allowable under the provisions of the Internal Revenue Code of 1954. Respondent contends that since the compensation earned by petitioner in the performance of his ministerial duties is not includable in gross income under section 107 of the 1954 Code by virtue of its designation as a parsonage allowance, the expenses incurred in earning this compensation are not deductible as provided by section 265 of the 1954 Code. The question of whether the contested automobile expenses were in fact commuting expenses and therefore nondeductible has not been raised. See *Chandler* v. *Commissioner*, 226 F. 2d 467 (C.A. 1), reversing 23 T.C. 653; *Chester C. Hand, Sr.*, 16 T.C. 1410; *Kenneth Waters*, 12 T.C. 414.

Section 265 of the Internal Revenue Code of 1954 provides that no deduction shall be allowed for an amount otherwise deductible which is allocable to a class of income other than interest which is wholly exempt from Federal income taxation.[1] Income Tax Regulations section 1.265-1(b)(1)(i) defines wholly exempt income as income which is wholly excluded from gross income under any provision of subtitle A. Section 107 of the 1954 Code provides that gross income does not include the rental allowance paid to a minister of

---

[1] SEC. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME.
No deduction shall be allowed for—
(1) EXPENSES.—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.

the gospel as a part of his compensation to the extent it is used by him to provide a home.[2]

Petitioner's salary from the Hay Valley Baptist Church was designated for use in maintaining a parsonage to the extent such maintenance did not exceed his salary. Petitioner's salary in both years in question was $1,300, and the expense of maintaining his home in 1959 was $1,238.65 and in 1960 was $1,309.57. Thus, with the exception of $61.35 earned in 1959, all of petitioner's income from the Hay Valley Baptist Church was excludable from gross income under section 107 of the 1954 Code. Since the disputed automobile expenses were incurred in earning this income, section 265 of the 1954 Code prevents the deduction of these amounts, *Mary A. Marsman*, 18 T.C. 1, reversed on other grounds 205 F. 2d 335 (C.A. 4); *James F. Curtis*, 3 T.C. 648, except for that proportion of those expenses which is attributable to the $61.35 taxable income received. Income Tax Regs., section 1.265–1(c); *George N. Meissner*, 8 T.C. 780; *Edward Mallinckrodt, Jr.*, 2 T.C. 1128, affirmed on other grounds 146 F. 2d 1 (C.A. 8), certiorari denied 324 U.S. 871, rehearing denied 325 U.S. 892. The tax effect of deducting the amount of petitioner's automobile expenses in 1959 which is allocable to the $61.35 taxable income earned by him in that year is small. However, since petitioner is entitled to deduct that amount,

*Decision will be entered under Rule 50.*

---

[2] SEC. 107. RENTAL VALUE OF PARSONAGES.
In the case of a minister of the gospel, gross income does not include—
(1) the rental value of a home furnished to him as part of his compensation; or
(2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.