JON F. HARTUNG AND CONSTANCE M. HARTUNG, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 590–69. Filed October 1, 1970.

Jon F. Hartung, pro se.
*John E. Lahart, Jr.*, for the respondent.

### OPINION

FAY, *Judge:* Respondent determined a deficiency of $334.14 in petitioners' income tax for the taxable year 1964.

The only question before this Court is whether the moving expense deduction claimed by petitioners for the taxable year 1964 must be disallowed because it is properly allocable to tax-exempt income within the meaning of section 911.[1]

All of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference.

Petitioners are husband and wife and at the time of filing the petition herein resided in Oakland, Calif. Petitioners, cash basis taxpayers, filed a joint return for calendar year 1964 with the director of international operations, Washington, D.C. Constance Hartung is a party to this action only by virtue of filing the joint return, and for the

---

[1] All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.

1

sake of convenience Jon Hartung will hereinafter be referred to as petitioner.

Until approximately October 23, 1964, petitioner lived and was employed as a chemical engineer in the United States. At that time he terminated his employment and began making preparations for a move to Australia. Having obtained immigrant visas, petitioner and his wife entered Australia on December 1, 1964.

Petitioner secured employment in Australia on January 25, 1965, and remained and worked there until March 1, 1966. All compensation from his Australian employment was exempt from United States taxation, nor did he receive taxable income from any other source between October 23, 1964, and March 1, 1966.

In moving from the United States to Australia in 1964 petitioner incurred unreimbursed expenses of $1,677. Petitioner claimed this amount as a deduction on his 1964 income tax return. Respondent disallowed the deduction asserting that the expenses were properly allocable to tax-exempt income under section 911 and as such were not deductible.

The sole issue for us to decide is whether moving expenses, otherwise deductible as moving expenses under section 217, must be disallowed because subsequent to the move all income earned by petitioner is exempt from taxation under section 911.

Respondent concedes that petitioner satisfies the requirements of section 217. The parties also agree that the income earned while in Australia is properly exempt from taxation under section 911. Respondent, however, contends that the $1,677 expense is properly allocable to the income exempt from taxation and as such must be disallowed by section 911(a).[2] Petitioner, on the other hand, argues that the moving expenses allowed by section 217 are of a personal nature; that such expenses are not allocable to earned income and consequently

---

[2] SEC. 911. EARNED INCOME FROM SOURCES WITHOUT THE UNITED STATES.
(a) GENERAL RULE.—The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:
(1) BONA FIDE RESIDENT OF FOREIGN COUNTRY.—In the case of an individual citizen of the United States who establishes to the satisfaction of the Secretary or his delegate that he has been a bona fide resident of a foreign country or countries for an uninterrupted period which includes an entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) which constitute earned income attributable to services performed during such uninterrupted period. The amount excluded under this paragraph for any taxable year shall be computed by applying the special rules contained in subsection (c).

* * * * * * *

An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.

are deductible in full. Sec. 1.911–1(a)(3), Income Tax Regs.[3] We agree with petitioner.

The provision for the deductibility of moving expenses was enacted in 1964.[4] Prior to that time taxpayers were repeatedly denied deductions for moving expenses on the ground that the expenses were of a personal nature and hence not deductible. Any doubt on this issue was resolved in *Lloyd G. Jones*, 54 T.C. 734 (1970), where this Court held that moving expenses were personal family expenses. Congress, in enacting section 217, did not change the character of moving expenses from personal to business.

Respondent argues that even though these expenses are not business expenses within section 162, the word "allocable" in section 911(a) is broad enough to encompass such expenses. "Allocable" was given a broad interpretation in *Carstairs* v. *United States*, 75 F.Supp. 683 (E.D. Pa. 1936). In *Carstairs* the court held that State income taxes paid on income exempt under the predecessor of section 911 were not deductible because they were "allocable" to the tax-exempt income. The court, while interpreting "allocable" as including some expenses not within section 162, did not extend it to include personal expenses. On this basis we think the instant case is distinguishable from *Carstairs*.

Respondent also argues that the legislative history of section 217 indicates an intention by Congress that expenses within section 217 be treated as business expenses. In reference to the nature of expenses incurred in moving, the committee reports state that such expenses are treated "essentially the same as business expenses." [5] This reference is made in explaining that expenses under section 217 are deductible from gross income in arriving at adjusted gross income as are business expenses and not in arriving at taxable income as are other personal expenses. The reference, rather than indicating that moving expenses are business expenses, should be read as pointing out that while they are *not* business expenses they will be treated in a like manner for this particular purpose. The report again refers to moving expenses as being "substantially similar to business expenses." This again is in explanation of why they are to be deducted from gross income rather than adjusted gross income, and again may be read as pointing out that

---

[3] Sec. 1.911–1(a)(3). * * * However, items which are not properly chargeable against or allocable to excludable earned income are deductible in their entirety (subject to any specific statutory limitations relating to such items). Examples of such items include personal and family medical expenses, real estate taxes on a personal residence, interest on mortgage on personal residence, and charitable contributions.

[4] Added by Pub. L. 88–272 (Feb. 26, 1964).

[5] H. Rept. No. 749, 88th Cong., 1st Sess. (1963), 1964–1 (Part 2) C.B. 182–185.

while these expenses are personal, they are being treated as a business expense for one particular purpose.

In light of the foregoing we hold that enactment of section 217 was a decision by Congress to allow a deduction for moving expenses even though they are personal living expenses. As such they should be treated in the same manner as other personal expenses, no portion being allocable or chargeable to income. Sec. 1.911–1(a)(3), Income Tax Regs. Having satisfied section 217, petitioner is entitled to his moving expense in its entirety regardless of the tax-exempt character of income earned subsequent to the move.

Reviewed by the Court.

*Decision will be entered for the petitioners.*

———

Drennen, J., dissenting: As pointed out in Judge Sterrett's dissenting opinion all amounts otherwise deductible, except personal exemptions, are not allowed as deductions if they are "allocable to or chargeable against amounts excluded" from the taxpayer's income under section 911. The parties agree that petitioner's income earned while in Australia is exempt from taxation under section 911.

The deduction for moving expenses is provided in section 217, which is a part of part VII of subchapter B, chapter 1, subtitle A of the Code. By the very terms of section 217, moving expenses are deductible only if paid or incurred "in connection with the commencement of work by the taxpayer as an employee at a new principal place of work." It seems clear that to qualify for the moving expense deduction at all, taxpayer's expenses here must be allocable to his new employment in Australia, the income from which was excludable from petitioner's taxable income. The entire tenor of section 217 is employee-business oriented. Hence, in my opinion, the deduction is not allowable by virtue of section 911.

The fact that moving expenses may have been treated as personal living expenses in cases not involving sections 217 and 911 would seem to have little significance in determining whether the deduction allowed by section 217 is allocable to taxpayer's excludable income. In my opinion this expense which would otherwise be allowable to petitioner, is allocable to his income earned from his new employment in Australia which is excludable from United States tax, and must be disallowed under section 911.

I would like to note in passing that while the deductions allowed by section 217 are specifically made deductible from gross income for purposes of determining adjusted gross income under section 62(8) (despite the exception contained in the parenthetical clause in section 62(1) relative to deductions allowable by part VII of the subchapter of which section 217 is a part), the deduction for moving expenses

allowed by section 217 also appears to be deductible in computing taxable income under section 63(a) by virtue of section 211. This seeming inconsistency simply emphasizes to me that the characterization of moving expenses as personal living expenses in prior cases should not be decisive of the deductibility of the expenses involved in this case.

RAUM, ATKINS, and STERRETT, *JJ.*, agree with this dissent.

---

STERRETT, *J.*, dissenting: The issue presented is an uncomplicated one. Is a "section 217 moving expense" subject to the allocation provisions of section 911? For convenience, the applicable portion of section 911(a) is repeated herewith:

An individual shall not be allowed, as a deduction from his gross income, any deductions (other than those allowed by section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this subsection.

Since the statute excludes from its scope only the section 151 deduction for personal exemptions, it follows that all other amounts otherwise deductible must be disallowed if they are "allocable to or chargeable against amounts excluded" from the taxpayer's income.

In analyzing whether the expenses incurred by the petitioner in moving to Australia were related to the tax-exempt income he earned there, the majority begins by recalling that moving expenses had been termed a personal expense by many courts prior to the enactment of section 217. The following portion of regulations section 1.911–1(a)(3) is then cited for the proposition that personal expenses are not allocable to exempt income:

However, items which are not properly chargeable against or allocable to excludable earned income are deductible in their entirety (subject to any specific statutory limitations relating to such items). Examples of such items include *personal* and family *medical expenses*, real estate taxes on a *personal residence*, interest on mortgage on *personal residence*, and charitable contributions. [Emphasis added.]

It then follows, so the majority seems to reason, that moving expenses, having once been labeled personal in nature, cannot be allocable to exempt income within the meaning of the above regulation.[1]

In my view the majority misconstrues the import of the regulation. It seems apparent from the nature of the items which are recited as examples of nonallocable personal expenses that the regulation is concerned with expenses which are not related to income from any source, whether exempt or not.

---

[1] It is not clear whether the majority is of the opinion that all personal expenses are per se nonincome related. Under any circumstances, it is doubtful that the theory of the nondeductibility of personal expenses is premised solely on any such concept; for example, what about commuting expenses?

In contrast, here, we have an expense which seems to be as related to earned income as any expense incurred by an individual can be, namely, an amount paid to move to the site where the individual will earn his income. If an employment fee paid to obtain a job is deemed related to the earning of income from the new employment, *David J. Primuth*, 54 T.C. 374 (1970), surely the expense incurred to reach the location of the new employment is comparably related. Cf. *David E. Deason*, 41 T.C. 465 (1964).

Furthermore, Congress, in placing moving expenses in the category of items deductible from gross income to reach adjusted gross income, seemed clearly to be conceding that such an expense is income-related. Sec. 62(8). Otherwise such an expense would be allowable only as an itemized deduction similar to the ones listed in the above-quoted regulation. This interpretation of the applicable committee reports seems more reasonable than that proffered by the majority.

Thus, it is that, in my judgment, the issue presented herein can be resolved through a common sense analysis of the statute involved and the underlying regulation rather than resurrecting as authority language found in some of the conflicting cases now rendered obsolete by the enactment of section 217.

It follows from the foregoing discussion that I would disallow the deduction at issue as being chargeable to exempt income within the purview of section 911.

DRENNEN, RAUM, ATKINS, and IRWIN, *JJ.*, agree with this dissent.