Betty Clarice Bosher v. Commissioner.
Bosher v. Commissioner
Docket No. 4089-70-SC.
United States Tax Court
T.C. Memo 1971-10; 1971 Tax Ct. Memo LEXIS 321; 30 T.C.M. (CCH) 57; T.C.M. (RIA) 71010; January 18, 1971, Filed Betty Clarice Bosher, pro se, Clifton, Tex. W. John Howard, Jr., for the respondent. GUSSIS
*322 Memorandum Findings of Fact and Opinion GUSSIS, Commissioner: Respondent determined a deficiency in petitioner's income tax for 1967 in the amount of $117.18. The issue is whether petitioner is entitled to a deduction for child care expenses within the meaning of section 214 of the Internal Revenue Code of 1954. [1]
Findings of Fact Some of the facts were stipulated and they are so found. Betty Clarice Bosher, hereinafter called the petitioner, was a resident of Clifton, Texas on the date the petition in this proceeding was filed. She filed her Federal income tax return for the year 1967 with the district director of internal revenue at Austin, Texas. Petitioner was divorced from her former husband, Bobby Joe Bosher, in December 1965. She was awarded custody of their three children, Ronnie Joel, Teresa Gayle and Lisa Carol, whose respective ages in 1967 were nine, six and five. During the year 1967 petitioner maintained a home for herself and the three children in Clifton, Texas. She was employed during the year 1967 as a bookkeeper by the Farmers *323 State Bank in Clifton and she incurred expenses in the total amount of $709 in 1967 for the care of her three children while she was employed. Pursuant to the divorce decree, which directed Bobby Joe Bosher to pay $40 per month for the support of each of the three children until the youngest became eighteen years old, the petitioner's former husband furnished the total amount of $1,380 as child support for the three children during the year 1967. He claimed dependency deductions for the three children on his Federal income tax return for 1967. Petitioner reported total income in the amount of $3,102.35 on her income tax return for 1967. She did not claim dependency deductions for any of the three children on her 1967 income tax return. Petitioner claimed a deduction in her 1967 income tax return for child care expenses in the total amount of $709. Respondent disallowed the deduction in full on the ground that petitioner failed to establish that she furnished the main support of the children. Opinion The issue is whether petitioner is entitled to deduct child care expenses for her three children in 1967 in the amount of $709 under the provisions of section 214. Respondent's *324 position is that the children were not "dependents" of petitioner within the meaning of sections 151(e)(1), 152 and 214(d)(1) and that consequently the expenditures for their care in 1967 do not qualify as deductions under section 214. Section 214(a)(1) allows a deduction for "expenses paid during the taxable year by a taxpayer who is a woman or widower * * * for the care of one or more dependents (as defined in subsection (d)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfuly employed." Subsection 214(d)(1) defines the term "dependent" to mean "a person with respect to whom the taxpayer is entitled to an exemption under section 151(e)(1) * * *." A taxpayer is entitled to an exemption under section 151(e)(1) for "each dependent (as defined in section 152)." In section 152 the term "dependent" means any of certain named individuals (including a son or daughter of the taxpayer) over half of whose support for the year in question was received from the taxpayer. Petitioner made no effort at the trial to show that she provided over half the support of the three children in 1967. In fact, the petitioner has stipulated that "she is not now claiming dependency *325 exemptions for them for 1967." 58 It is abundantly clear under the pertinent statutory sections that petitioner is not entitled to a child care deduction for her three children under section 214 unless she is also entitled to dependency deductions for them under sections 151 and 152. As we have indicated, the petitioner offered no evidence to show that she furnished over one half of the support of the children in 1967. Without such evidence, petitioner fails in her burden of showing that she is entitled to a dependency deduction for the children in 1967 and, therefore, her claim for a child care deduction in 1967 must also fail. It should be pointed out that section 152(e) provides special rules beginning in 1967 with respect to dependency exemption deductions for children of divorced parents. The general rule under section 152(e)(1) is that in the case of a child receiving over half of his support during the year from his divorced parents, the parent having custody is entitled to the dependency deduction. Section 152(e)(2)(B) provides an exception to this general rule: If the parent not having custody provides $1,200 or more for the support of such child (or if there is more *326 than one child, $1,200 or more for all of such children) during the year, the noncustodial parent will be entitled to the dependency deduction unless the parent having custody (the petitioner here) clearly establishes that she provided more for the support of the children during the year than the non-custodial parent. See Allen F. Labay, 55 T.C. 2 (1970). Petitioner made reference at the trial to an instruction booklet of the Internal Revenue Service dealing with the child care deduction (Publication 503 (10-68)). She implied that the booklet was somehow vague and contradictory. Specifically, she contends that the booklet sets up two different tests for a dependent, one test for the child care deduction and a different test for the dependency deduction. We cannot perceive how this argument is helpful to petitioner. The booklet states the general rule that the expenditures, in order to be deductible as child care expenses, must be "[for] the care of a person for whom you are entitled to a dependency deduction." It also states that, for purposes of the child care deduction, the dependent for whom the expenses are incurred must be "[a] child under the age of 13 who *327 need not be your son or daughter or be related to you." The booklet accurately reflects the statutory language in section 214(d)(1). It is true that a "dependent" for purposes of the child care deduction must be a child under 13 years of age, while the definition of "dependent" for purposes of the dependency deduction is somewhat broader. But it is obvious that the narrowed definition "dependent" under section 214 merely reflects the special purpose of that statutory section, i. e., to provide deductions to certain categories of taxpayers for expenses for the care of small children incurred for the purpose of enabling such taxpayers to be gainfuly employed. See S. Rept. No. 1622, 83d Cong., 2d Session, at pages 35, 36. Petitioner has not met the unambiguous provisions of the tax statute as enacted by Congress and consequently is not entitled to deduct as child care expenses in 1967 under section 214 the expenditures here involved. Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise specified.↩