Richard L. and Rosmarie Markus v. Commissioner.
Markus v. Commissioner
Docket No. 2076-70 SC.
United States Tax Court
T.C. Memo 1971-313; 1971 Tax Ct. Memo LEXIS 20; 30 T.C.M. (CCH) 1346; T.C.M. (RIA) 71313; December 13, 1971, Filed. Richard L. and Rosmarie Markus, pro se, 73 Jubilaeumsstrasse, 3005 Berne, Switzerland. John J. Weiler, for the respondent. SACKS Memorandum Findings of Fact and Opinion SACKS, Commissioner: Respondent determined a deficiency of $492.75 in petitioners' joint Federal income tax for the taxable year 1965. There are two issues in controversy, namely: (1) Whether petitioners are entitled to a moving expense deduction for the taxable year 1965, and; (2) Whether petitioners have established that they are entitled to an employee business deduction for the taxable year 1965. Findings of Fact Practically all of the facts have been stipulated, *21 and these stipulated facts are incorporated herein by this reference. Petitioners are husband and wife who at the time of filing of their petition herein resided at 73 Jubilaeumsstrasse, 3005 Berne, Switzerland. Their joint return for the calendar year 1965, made on the cash basis, was filed with the director of international operations at Washington, D. C. Rosmarie Markus is a party hereto only by virtue of her having participated in the filing of a joint return. The term petitioner, as used hereinafter, will therefore refer only to Richard L. Markus. Petitioner is a chemist by profession, and from some undetermined time until February of 1965 was employed as such by the Stepan Chemical Company at Maywood, New Jersey. Early in February of 1965 Stepan terminated petitioner's employment and he was forced to seek work elsewhere. Being unable to find in the United States a comparable position to the one he had occupied at Stepan, petitioner accepted a job abroad as a chemist with the Swiss Federal Directorate General of Customs at Berne, Switzerland. Thereafter, sometime in April of 1965, petitioner and his wife gave up their home in Montclair, New Jersey and on the 30th of that month *22 left the United States arriving in Berne, Switzerland on May 9, 1965. Later in the month of May, petitioner commenced his employment with the Federal Directorate General of Customs. His wages there are paid by the Swiss Federal Government, and are exempt from United States taxation under section 911 of the Internal Revenue Code of 1954. [1]
Between January 1, 1965 and the time he terminated his employment with Stepan Chemical Company in early February of 1965, petitioner earned a gross salary of $6,785.26. In moving from the United States to Berne, Switzerland during May of 1965 in order to begin his new job with the Federal Directorate General of Customs petitioner incurred unreimbursed expenses of $3,571.29. These expenses he claimed as a deduction on his 1965 income tax return. This deduction was disallowed by respondent. On the same return petitioner also claimed employee business expenses of $13.20, which were likewise disallowed by respondent. Opinion The issue in this case - whether expenses incurred in the course of moving for the purpose of changing jobs are barred from deduction *23 under section 217 of the Code because subsequent to the move all income 1347 earned by petitioner is exempt from taxation under section 911 thereof - is the same issue which the full Court recently decided against the respondent in the case of Jon F. Hartung, 55 T.C. 1 (1970). In his brief herein respondent states that it is his "position that the instant case is in no way distinguishable from Hartung, supra." Therefore, in disposing of the issue in the present case, it is sufficient to note that the Hartung case is presently on appeal to the Court of Appeals for the Ninth Circuit, and to hold that we are not now disposed to change our earlier view therein, but are content to remain, on this issue, a way station on the road to more definitive review by the Circuit Court. As to the second issue herein - whether respondent correctly disallowed $13.20 claimed by petitioner as an employee business expense - we have no recourse but to sustain respondent in view of the failure on petitioner's part to introduce any evidence whatsoever relating thereto. Reviewed and adopted as the report of the Small Tax Case Division. To reflect our holding herein for *24 petitioner on the moving expense issue and for respondent on the employee business expense issue. Decision will be entered under Rule 50. Footnotes
1. All references herein are to the Internal Revenue Code of 1954.↩