MELVIN H. DALAN and LILLIAN J. DALAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dalan v. Commissioner
Docket No. 8268-87.
United States Tax Court
T.C. Memo 1988-106; 1988 Tax Ct. Memo LEXIS 134; 55 T.C.M. (CCH) 370; T.C.M. (RIA) 88106; March 9, 1988. Melvin H. Dalan, pro se. Michael W. Bitner, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986, [1] and Rule 180 et seq. Respondent determined deficiencies in petitioners' Federal income taxes for the years 1983 and 1984 in the amounts of $ 2,292.04 and $ 1,395.04, respectively. After concessions by the parties, the sole issue is whether petitioners are entitled to deductions for certain expenses incurred by Melvin H. Dalan (petitioner) as a minister during *136 1983 and 1984. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, resided at Fairview Heights, Illinois, at the time they filed their petition. They filed joint Federal income tax returns for 1983 and 1984. During 1983 and 1984, petitioner was employed as a guidance counselor by the Illinois State Board of Education, from which he earned wages of $ 24,091 and $ 25,775, respectively. During the same period, petitioner's wife, Lillian J. Dalan, was employed as a music teacher by the Illinois State Board of Education, from which she earned wages of $ 21,147 and $ 20,094, respectively. Petitioner was also an ordained minister. During 1983 and 1984, he served, in a self-employed capacity, as minister for the Bethel Tabernacle Assembly of God (Bethel Tabernacle) in Belleville, Illinois. In this capacity, petitioner received a designated parsonage allowance in the amount of $ 4,800 from Bethel Tabernacle during both 1983 and 1984. In addition to the parsonage allowances, petitioner received compensation in the amounts of $ 600 and *137 $ 500, during 1983 and 1984, respectively, for his services as a minister at Bethel Tabernacle. On Schedule C of their 1983 and 1984 Federal income tax returns, petitioners reported the following expenses from petitioner's activities as a minister: 1983
1984
Car and Truck Expenses
$ 2,733.86
$ 2,043.66
Depreciation
2,503.85
228.28
Dues and Publication
97.75
131.80
Insurance
393.13
202.81
Utilities and Telephone
188.65
82.20
Rent on Business Property
--
600.00
Miscellaneous
--
173.58
Totals
$ 5,917.24
$ 3,462.33
Respondent acknowledged that the $ 4,800 received each year by petitioner as a parsonage allowance was exempt from tax under section 107. Additionally, respondent did not question the expenses claimed by petitioner itemized above. However, respondent determined that a portion of the expenses should not be allowed to the extent such expenses were allocable to the production of income wholly exempt from tax. Under section 265(a)(1), respondent allowed petitioners a deduction of $ 650.90 and $ 311.61, respectively, for 1983 and 1984 and disallowed, respectively, $ 5,266.34 and $ 3,150.72. [2]
*138 Respondent's position is that, since 89 percent and 91 percent of the income earned by petitioner during 1983 and 1984, respectively, in the performance of his duties as a minister is not includable in gross income under section 107 by virtue of its designation as a parsonage allowance, the expenses allocable to such exempt income are not deductible under section 265. OPINION Section 265(a)(1) provides that no deduction is allowable for any expense or amount otherwise allowable as a deduction which is allocable to a class or classes of wholly exempt income (other than interest). [3]Section 1.265-1(b)(1)(i), Income Tax Regs., defines wholly exempt income as income which is wholly excluded from gross income under any provision under subtitle A. Section 107 provides that gross income does not include the rental allowance paid to a minister of the gospel as part of his compensation *139 to the extent it is used by him to provide a home. Petitioner's parsonage allowance of $ 4,800 from the Bethel Tabernacle during both 1983 and 1984 was designated for use in maintaining a home. The parties acknowledge that these amounts were in fact used for housing. Therefore, with the exception of the $ 600 and $ 500 taxable compensation received by petitioner for his services as a minister during 1983 and 1984, respectively, all *140 of petitioner's income from Bethel Tabernacle was excluded from gross income under section 107. Since the expenses were all incurred in earning this income (both taxable and nontaxable), section 265 precludes the deduction of expenses, Deason v. Commissioner,41 T.C. 465 (1965); Marsman v. Commissioner,18 T.C. 1 (1952), reversed on other grounds 205 F.2d 335 (4th Cir. 1953); Curtis v. Commissioner,3 T.C. 648 (1944), except for that portion of the expenses allocable to the $ 600 and $ 500 taxable income received. Section 1.265-1(c), Income Tax Regs.; Church v. Commissioner,80 T.C. 1104 (1983); Deason v. Commissioner, supra;Meissner v. Commissioner,8 T.C. 780 (1947). Therefore, it is clear that petitioner's expenses as a minister for 1983 and 1984 were deductible in the amounts determined by respondent. Petitioners contend that section 265 is not applicable because the parsonage allowances were designated for and in fact used by them in maintaining their home, and the expenses incurred in the ministry were necessarily borne by their *141 other income. They argue, therefore, that the expenses at issue were not attributable to the parsonage income. This argument, however, overlooks the fact that petitioner was a minister and, but for his activities as a minister, he would not have received his parsonage allowances, the compensation for his services, nor would he have incurred the expenses in question. Therefore, it follows that his activity as a minister produced income, some of which was taxable, and some of which was tax exempt. The parsonage allowance was a class of income wholly exempt from tax under section 107. Petitioner's activity also produced expenses. Section 265(a)(1) clearly states that any expenses otherwise deductible are not allowed as a deduction to the extent such expenses are allocable to a class of income wholly exempt from tax. Section 265(a)(1) does not address the source from which expenses are paid in determining whether such expenses are "allocable" to the tax exempt income; the section merely provides that all expenses "allocable" to the tax exempt income are not deductible. Therefore, even though *142 petitioner's ministerial expenses were borne by income derived from sources other than the ministry, section 265(a)(1) nevertheless bars the deduction of those expenses, since such expenses are allocable to the exempt income. Petitioners also contend that the disallowed expenses should be allowed as charitable contributions under section 170. However, section 1.265-1(a)(1), Income Tax Regs., provides that "no amount shall be allowed as a deduction under any provision of the Code for any expense or amount which is otherwise allowable as a deduction and which is allocable to a class * * * of exempt income* * *." Therefore, whether the deduction is claimed as a trade or business expense under section 162(a), or as a charitable contribution deduction under section 170, we are guided by the cited regulation which disallows the deduction claimed under "any provision of the Code." Finally, petitioners contend that Rev. Rul. 69-645, 1969-2 C.B. 37, supports their contention that their disallowed expenses should be allowed as charitable contributions. In *143 the facts of that Rule, a minister who performed gratuitous services for his church requested a determination whether the expenses he incurred in the performance of his ministry were deductible as trade or business expenses under section 162(a) or as charitable contributions under section 170. The Ruling determined that the minister was not engaged in a trade or business, because he performed his services gratuitously; therefore, his expenses were not deductible under section 162(a). However, if he itemized his deductions, such expenses were deductible as charitable contributions under section 170Ic). That Ruling, however, is not apposite to petitioners' situation here, because the Ruling clearly did not apply to or present a section 265 question such as exists in this case. Section 265 was not in question in the facts of Rev. Rul. 69-645; therefore, the Ruling is not authority for petitioners' position.[4]
*144 Respondent's determinations, therefore, on petitioners' expenses for 1983 and 1984 are sustained. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. These amounts were computed as follows: 1983
$ 4,800 (Parsonage Allowance, exempt income)
$ 5,400 (Total income from Ministerial Duties, $ 4,800 parsonage allowance plus $ 600 compensation) = .89
$ 5,917.24 (Schedule C Expenses) X .89 = $ 5,266.34 (adjustment to expenses)
$ 5,917.24 - 5,266.34 = $ 650.90 (allowable expenses) 1984
$ 4,800 (Parsonage Allowance, exempt income)
$ 5,300 (Total Income from Ministerial Duties, $ 4,800 parsonage allowance plus $ 500 compensation = .91
$ 3,462.33 (Schedule C Expenses) X .91 = $ 3,150.72 (adjustment to expenses)
$ 3,462.33 - $ 3,150.72 = $ 311.61 (allowable expenses) ↩
3. Sec. 265. EXPENSES AND INTEREST RELATING TO TAX-EXEMPT INCOME. (a) General Rule. -- No deduction shall be allowed for -- (1) Expenses. -- Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allowable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle. ↩
4. Revenue Rulings do not have the force of law and are merely statements of the Commissioner's litigating and administrative position. Dixon v. United States,381 U.S. 68, 73 (1965); Stubbs, Overbeck & Associates v. United States,445 F.2d 1142, 1146-1147↩ (5th Cir. 1971)