ROBERT H. McFARLAND AND GEORGIA W. McFARLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McFarland v. Commissioner
Docket No. 28246-90
United States Tax Court
T.C. Memo 1992-440; 1992 Tax Ct. Memo LEXIS 463; 64 T.C.M. (CCH) 374; August 4, 1992, Filed *463 Decision will be entered under Rule 155. For Robert H. McFarland, pro se. For Respondent: Frank M. Schuler. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b) (3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in petitioners' Federal income taxes of $ 1,305 and $ 1,361, respectively, for 1987 and 1988. The issues for decision are: (1) Whether petitioners are precluded, under section 265(a) (1), from deducting a portion of the expenses incurred by Robert H. McFarland (petitioner) as a minister to the extent such expenses are allocable to a parsonage allowance which is excluded from gross income under section 107(2); and (2) whether, in the computation of self-employment tax under section 1401, net earnings from self-employment include income excluded from gross income *464 under section 107. Some of the facts were stipulated and are so found. Petitioners, husband and wife, resided at Topeka, Kansas, at the time they filed their petition. Petitioner is an ordained minister and has been pastor for 33 years at the Reformed Presbyterian Church at Topeka, Kansas. His only income during the years at issue came from his ministry. Mrs. McFarland earned income from the Topeka Public Schools during the 2 years at issue. Petitioners filed joint income tax returns for 1987 and 1988. Petitioner reported his activity as a minister as a trade or business on Schedule C of petitioners' income tax returns. Petitioners did not include as gross income the parsonage allowance petitioner Robert H. McFarland received from his congregation. Petitioner's congregation did not provide petitioners with a home. Petitioners owned their home but had an agreement with the congregation for the receipt of amounts in addition to petitioner's salary for parsonage. The parties stipulated that $ 10,280 and $ 12,285 represented petitioner's parsonage allowance, respectively, for 1987 and 1988. Respondent agrees that these amounts are excludable from gross income under section *465 107(2). The parties further stipulated to petitioner's Schedule C ministerial income and expenses for 1987 and 1988, which differed from the amounts set out in the notice of deficiency: 1987
1988
Income (exclusive of the  parsonage allowance)
$ 28,829
$ 27,300
Expenses:
Car
$ 4,173
$ 2,978
Utilities
126
--  Dues
147
387
Books
243
--  Computer
240
145
Telephone
--  4,929
322
3,832
Net profit
$ 23,900
$ 23,468
Respondent determined that portions of the agreed expenses shown above are not deductible under section 265(a) (1) to the extent such expenses are allocable to petitioners' parsonage allowances, which are excluded from gross income under section 107. Additionally, respondent determined that, for 1988, petitioners failed to include the 1988 parsonage allowance as net earnings from self-employment; consequently, self-employment tax is due on such income under section 1401(a). The parsonage allowance was reported by petitioners as self-employment income on their 1987 income tax return. Section 265, Expenses And Interest Relating To Tax-Exempt Income, provides: (a) General Rule. -- No deduction shall be *466 allowed for -- (1) Expenses. -- Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle. Under section 1.265-1(b)(1)(i), Income Tax Regs., wholly exempt income is defined as income which is wholly excluded from gross income under any provision of subtitle A of the Internal Revenue Code. Section 107, which is under subtitle A of the Internal Revenue Code, provides: Sec. 107. Rental Value of Parsonages. In the case of a minister of the gospel, gross income does not include -- (1) the rental value of a home furnished to him as part of his compensation; or (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home. In Deason v. Commissioner, 41 T.C. 465 (1964), *467 this Court held that a minister's expenses incurred in earning ministerial income were not deductible under section 265 to the extent the expenses were allocable to ministerial income excluded from gross income under section 107. [2]
This Court followed Deason v. Commissioner, supra, in Dalan v. Commissioner, T.C. Memo. 1988-106. Petitioners *468 contend their case is distinguishable from the Dalan case because, in the Dalan case, the taxpayer (minister) was only a part-time minister who had other income, and the ministerial expenses far exceeded the ministerial earnings. Thus, petitioners argue the disallowed expenses in the Dalan case were proper because the ministerial expenses necessarily had to be paid or borne by nonministerial earnings. Here, petitioners argue that petitioner was a full-time minister, who had no income other than his ministerial earnings, and the ministerial earnings far exceeded the ministerial expenses. Thus, the ministerial expenses were fully paid or borne by ministerial income. Accordingly, petitioners argue, the exclusion provisions of section 265 are not applicable. Section 265(a) (1) provides that "any amount" otherwise allowable as a deduction shall not be allowed as a deduction to the extent such amount is allocable to one or more classes of income "wholly exempt" from taxes. Expenses, therefore, which are allocable to tax-exempt income are not deductible. Section 1.265-1(c), Income Tax Regs., provides: (c) Allocation of expenses to a class or classes of exempt income *469 . Expenses and amounts otherwise allowable which are directly allocable to any class or classes of exempt income shall be allocated thereto; and expenses and amounts directly allocable to any class or classes of nonexempt income shall be allocated thereto. If an expense or amount otherwise allowable is indirectly allocable to both a class of nonexempt income and a class of exempt income, a reasonable proportion thereof determined in the light of all the facts and circumstances in each case shall be allocated to each. [Emphasis added.] The arguments advanced by petitioners are not supported by section 265 and the cited regulation. The expenses incurred by petitioner are indirectly allocable to a class of nonexempt income and a class of exempt income. Therefore, respondent is sustained in disallowing the portion of the expenses allocable to the parsonage allowance which is excluded from gross income under section 107. For 1987, petitioner's total ministerial income was $ 39,109, which consisted of $ 28,829 taxable income and $ 10,280 exempt income. The exempt earnings, therefore, represent 26.29 percent of petitioner's total ministerial income. It follows that 26.29 percent *470 of the $ 4,929 expenses otherwise allowable are not deductible. For 1988, petitioner's total ministerial income was $ 39,585, comprised of $ 27,300 taxable and $ 12,285 tax-exempt income. The tax-exempt income, therefore, constitutes 31.03 percent of petitioner's total ministerial earnings. Therefore, 31.03 percent of the $ 3,832 expenses for 1988 are not deductible. With respect to petitioner's self-employment tax for 1988, section 1402(a) (8) provides: (8) an individual who is a duly ordained, commissioned, or licensed minister of a church or a member of a religious order shall compute his net earnings from self-employment derived from the performance of service described in subsection (c)(4) without regard to section 107 (relating to rental value of parsonages), section 119 (relating to meals and lodging furnished for the convenience of the employer), and section 911 (relating to citizens or residents of the United States living abroad); Since the parsonage allowance of section 107 is expressly included as earnings from self-employment for purposes of the self-employment tax under section 1401, respondent is sustained in the inclusion of this income for petitioners' 1988 *471 self-employment tax. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In the Tax Reform Act of 1986, Pub. L. 99-514, sec. 144, 100 Stat. 2085, 2121, sec. 265(a)(6) was added to provide that, for taxable years beginning before, on, or after Dec. 31, 1986, no deduction shall be denied for "interest on a mortgage on, or real property taxes on, the home of the taxpayer by reason of the receipt of an amount as -- (A) a military housing allowance, or (B) a parsonage allowance excludable from gross income under section 107." Since petitioners did not claim any interest expenses or property taxes, the provisions of sec. 265(a)(6) are not applicable here. See Induni v. Commissioner, 98 T.C.    ↩ (1992).