T.C. Summary Opinion 2005-76

UNITED STATES TAX COURT

JOHNNY J. AND BRENDA D. YOUNG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18021-02S.          Filed June 7, 2005.

Johnny J. and Brenda D. Young, pro sese.

<u>David R. Jojola</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $13,363 in petitioners' Federal income tax for 2000 and an accuracy-related penalty under section 6662 of $2,672.60. Petitioners concede that Johnny J. Young (petitioner) received wages of $36,000, and self-employment income of $21,438. Respondent concedes that petitioners have substantiated that the following $24,982 of expenses were paid in the exercise of petitioner's ministry: (a) Automobile expenses of $7,000, (b) books of $3,000, (c) advertising of $377, (d) office expenses of $5,000, and (e) trips of $9,605. Respondent concedes that petitioners are entitled to deductions for mortgage interest of $50,825 and charitable contributions of $22,587. Respondent also concedes that petitioners are not liable for the accuracy-related penalty under section 6662. The issues remaining for decision are whether petitioners: (a) Must allocate expenses incurred in the exercise of petitioner's ministry between exempt and nonexempt income, and (b) have additional income subject to self-employment tax.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioners resided in Los Angeles, California.

Petitioner was ordained as a minister by the Church of God

Pentecostal, Inc. (Church) on August 14, 1981. Petitioner filed returns reporting net earnings from self-employment from his ministry in the years 1992 through 1999 averaging more than $2,400 a year.

As senior pastor of the Church in Inglewood, California, petitioner was paid a salary of $78,000 of which the Church designated $42,000 as a parsonage allowance and $36,000 as wages. In addition to the salary received from the Church, petitioner received self-employment income of $21,438 in the exercise of his ministry. During the audit of petitioners' return for 2000, petitioner applied for and was denied an exemption from self-employment tax.

Discussion

Because there are no factual matters in dispute in this case, section 7491 is inapplicable.

Allocation of Expenses

Section 107 provides that for a minister of the Gospel, the rental value or rental allowance used to provide a home is excluded from gross income when it is part of compensation. Petitioner received such a parsonage allowance for the taxable year at issue, and respondent agrees that the parsonage allowance is properly excludable under section 107.

Respondent argues, however, that some of the expenses claimed as ministry expenses are allocable to petitioner's tax-

exempt parsonage allowance and are therefore nondeductible. Petitioners' position is that the Court should not deny deduction of petitioner's business-related ministry expenses simply because he received a tax-exempt parsonage allowance.

Section 265 provides:

SEC. 265(a).  General Rule.--No deduction shall be allowed for--

(1) Expenses.--Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.

Tax-exempt income is defined as "any class of income * * * wholly exempt from the taxes imposed by subtitle A of the Code."  Sec. 1.265-1(b), Income Tax Regs.  The result is that expenses allocable to tax-exempt income are nondeductible.  McFarland v. Commissioner, T.C. Memo. 1992-440.  Section 265 applies to petitioner's parsonage allowance.  Deason v. Commissioner, 41 T.C. 465, 468 (1964); Dalan v. Commissioner, T.C. Memo. 1988-106.

Petitioner received both nonexempt income and a tax-exempt parsonage allowance for his ministry work.  The ministry expenses petitioner attempts to deduct were incurred while petitioner was earning both nonexempt income and a tax-exempt parsonage allowance.  This is precisely the situation section 265 targets.

Section 1.265-1(c), Income Tax Regs., provides:

> (c) Allocation of expenses to a class or classes of exempt income. Expenses and amounts otherwise allowable which are directly allocable to any class or classes of exempt income shall be allocated thereto; and expenses and amounts directly allocable to any class or classes of nonexempt income shall be allocated thereto. If an expense or amount otherwise allowable is indirectly allocable to both a class of nonexempt income and a class of exempt income, a reasonable proportion thereof determined in the light of all the facts and circumstances in each case shall be allocated to each.

The issue of whether petitioner's ministry expenses are deductible against his tax-exempt parsonage income has been examined by this Court before. In McFarland v. Commissioner, supra, we held that ministry expenses incurred by the taxpayer were indirectly allocable to a class of nonexempt income and a class of exempt income when the taxpayer's only business activity was his ministry and he received both taxable compensation and tax-exempt parsonage allowance. Likewise, in Dalan v. Commissioner, supra, the Court held that section 265(a)(1) barred the deduction of the taxpayer's ministry expenses to the extent the expenses were allocable to his tax-exempt ministry income even though the taxpayer had nonexempt income from his job as a guidance counselor. See Deason v. Commissioner, supra (minister taxpayer denied deduction for automobile business expenses when virtually all income earned during year was tax-exempt parsonage allowance under section 107.)

Petitioner's circumstances are not factually distinguishable

from the cases cited above. Petitioner earned both nonexempt income as a minister and tax-exempt parsonage income from the Church. The parsonage allowance is a class of income wholly exempt from tax under section 107, and section 265(a)(1) expressly disallows a deduction to the extent that the expenses are directly or indirectly allocable to his nontaxable ministry income. Sec. 1.265-1(b), Income Tax Regs.

Respondent argues that a "double allocation" must be made in this case. According to respondent, the ministry expenses must be allocated between Schedule A, Itemized Deductions, for his ministry employment income, and Schedule C, Profit and Loss From Business, for his other ministry income as well as between tax exempt and nonexempt income. The Court agrees with respondent.

Because petitioners have failed to provide evidence that would allow the Court to determine which of his ministry activities generated which expenses, the Court will allocate the expenses on a pro rata basis. See McFarland v. Commissioner, supra. The Court concludes that petitioner's Schedule C ministry activities generated 22 percent ($21,438/$99,438) of his total ministry income, and therefore allocates 22 percent of his $24,982 of ministry expenses ($5,496) to Schedule C, and the balance of $19,486 to Schedule A. Because 54 percent of petitioner's ministry salary was his parsonage allowance ($42,000/$78,000), 54 percent of his Schedule A deductions

($10,522) are rendered nondeductible because of section 265. Petitioner may deduct, subject to the 2-percent floor of section 67(a), the balance of $8,964 as itemized miscellaneous deductions on Schedule A.

Self-employment Tax

Petitioners disagree with the inclusion of Church salary payments as income subject to self-employment tax.

Section 1401(a) imposes on the self-employment income of every individual a tax for old-age, survivors, and disability insurance. Beginning with taxable years ending after 1967, ordained ministers are automatically subject to the self-employment tax with respect to services performed by them. Sec. 1402(c); see also Peverill v. Commissioner, T.C. Memo. 1986-354.

Provided certain requirements are met, section 1402(e) exempts from the self-employment tax, the self-employment income of certain ministers and others. Under section 1402(e)(1), a minister must file an application for exemption "in such form and manner, and with such official, as may be prescribed by regulations". The application must be filed no later than the due date of the return (including any extension) for the second taxable year for which the applicant had net earnings from self-employment of at least $400, any part of which was from services as a minister. Sec. 1402(e)(3).

Section 1.1402(e)-2A(b), Income Tax Regs., specifies that

the application must be made on Form 4361, in triplicate, with the specified office of the Internal Revenue Service, within the prescribed time limit.

The time limitations of section 1402(e) are mandatory and must be complied with strictly. Treadway v. Commissioner, T.C. Memo. 1984-153; Allinson v. Commissioner, T.C. Memo. 1979-405. Petitioner filed returns reporting net earnings from self-employment from his ministry in the years 1992 through 1999 averaging more than $2,400 a year. Petitioners, however, failed to present to respondent the appropriate Form 4361 until the examination of the return for 2000. Petitioner failed to obtain an exemption, and his net earnings from his ministry are therefore subject to self-employment tax.

The term "net earnings from self-employment" means the gross income of a taxpayer's trade or business less the allowable deductions attributable to the trade or business. Sec. 1402(a). In computing the gross income and deductions, a minister must compute his net earnings from self-employment, as a licensed minister in the exercise of his ministry, without regard to section 107, which exempts amounts for parsonage. Sec. 1402(a)(8), (c)(4). In other words, the parsonage allowance is part of a minister's gross income from his trade or business for purposes of self-employment tax. Bass v. Commissioner, T.C. Memo. 1983-536; sec. 1.1402(a)-11, Income Tax Regs.

In computing his net earnings from self-employment, petitioner must include all his earnings from his ministry, including his parsonage allowance, and may claim the deductions "allowed by chapter 1 of the Code which are attributable to such trade or business". Sec. 1.1402(a)-1(a)(1), Income Tax Regs. Because a portion of petitioner's deductions, $10,522, is allocable to his parsonage allowance, and is disallowed as a deduction by section 265, it may not be deducted in computing petitioner's net earnings from self-employment. Id.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.