**June G. WEAVER, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74–60–BK.**

United States District Court, S. D. West Virginia, Beckley Division.

April 14, 1975.

722

Samuel W. Price, Oak Hill, W. Va., for plaintiff.

John A. Field, III, U. S. Atty., for defendant.

## MEMORANDUM ORDER

DENNIS R. KNAPP, Chief Judge.

This is a suit to review the final decision of the Secretary of Health, Education and Welfare denying plaintiff's

claim as the widow of a miner for "black lung" benefits pursuant to 30 U.S.C.A. §§ 921(a) and 922(a)(2). The action is currently pending on a Motion for Summary Judgment filed by the defendant.

The only issue before this Court is whether the final decision of the Secretary denying the plaintiff's claim for failure to meet the requirements under the Act is supported by substantial evidence.

The evidence upon which the decision of the Secretary was based may be briefly summarized as follows: Plaintiff is the widow of Eugene Weaver who died on July 16, 1970, at the age of 52. The deceased stated in a disability interview in 1969 that he was self-employed as a coal hauler and had been so since 1935. Plaintiff testified that her husband was an independent contractor, subcontracting from different mines to haul coal. He owned the coal truck and paid his own operating expenses. Earnings records from Social Security reveal that plaintiff reported his work as a coal hauler as self-employed. In addition, his tax returns of 1966 also indicated that he was self-employed.

■ To be eligible for widow's benefits under the Act, plaintiff must establish that her husband either died from or was totally disabled at the time of his death due to pneumoconiosis which arose out of employment in the nation's coal mines. Johnson v. Weinberger, 389 F.Supp. 1296 (S.D.W.Va.1974). Section 402 of the Federal Coal Mine Health and Safety Act, as amended, 30 U.S.C. § 902, provides in subsection (e) thereof that the term " 'widow' includes the wife living with or dependent for support on the miner at the time of his death." Subsection (d) defines miner as "any individual who is or was employed in a coal mine." The Code of Federal Regulations sets out further guidelines for determining who can be considered a miner. 20 C.F.R. 410.110(j) provides in part that "miner or 'coal miner' means any individual who is working or has worked as an employee in a coal mine, performing functions in extracting coal or preparing the coal so extracted" and subsection (m) thereof provides that "Employee means an individual in a legal relationship (between the person for whom he performs services and himself) of employer and employee under the usual common law rules."

As hereinbefore noted, it is the opinion of the Secretary that under the definition of miner as determined from the Act and Regulations that the plaintiff is not entitled to receive benefits under the Black Lung Act. The Court concurs in that opinion.

■ The relationship of employer and employee is synonymous with the ancient terms of master and servant. Pennsylvania Casualty Co. v. Elkins, 70 F.Supp. 155 (1947). Generally speaking, an employee is a person who renders service to another usually for wages, salary or other financial consideration, and who in the performance of such service is entirely subject to the direction and control of the other, such other being the employer. 56 C.J.S. Master and Servant § 1b. The most important element in determining the relationship of master and servant or employer and employee is the right or power to control the actions of an individual in the matter in which he conducts his work. There must be something to indicate on the part of the employer that the supposed employee is to act for him subject to his control. Davis v. Fire Creek Fuel Co., 144 W.Va. 537, at pages 544 and 545, 109 S.E.2d 144. In contrast, an independent contractor is one who in rendering services, exercises independent employment and represents the will of his contractee only as to the results of his work and not as to the means whereby it is accomplished.

■■ It is clear from plaintiff's own statements that the deceased was not an employee in the nation's coal mines. He was an independent contractor and as such was able to work when and where he wanted and was in control of the

means by which he fulfilled the terms of the hauling agreements. He owned and maintained his own truck for that purpose and considered himself self-employed. Accordingly, the Secretary correctly concluded that the plaintiff was not entitled to benefits under the Federal Coal Mine Health and Safety Act.

In accordance with the foregoing, it is hereby ordered that the defendant's Motion for Summary Judgment be and the same is hereby granted.

All matters in this action being concluded, this action shall be dismissed from the Court's docket.