**Marvin A. BALL, Plaintiff,**

v.

**David MATHEWS, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 75–0333–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

March 22, 1976.

James R. Moore, Lebanon, Va., for plaintiff.

E. Montgomery Tucker, Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

Plaintiff has filed this action challenging the final decision of the Secretary of Health, Education and Welfare denying his claim for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901 *et seq.*

Jurisdiction of this court is based on § 413(b) of the Act, 30 U.S.C. § 923(b), which incorporates by reference § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). The question before the court is whether there is substantial evidence to support the findings of the Secretary; if so, the court is bound to affirm the Secretary's decision.

The evidence establishes, and the Administrative Law Judge found, that plaintiff has totally disabling pneumoconiosis. However, benefits were not awarded because the Administrative Law Judge found that plaintiff had failed to prove that his pneumoconiosis arose out of employment in coal mining. To determine whether this finding is supported by substantial evidence the court must examine the applicable law and the factual determinations of the Secretary.

■ 30 U.S.C. § 902(d) defines a miner as "any individual who is or was employed in a coal mine". The term "pneumoconiosis" is defined at 30 U.S.C. § 902(b) as "a chronic dust disease of the lung arising out of employment in a coal mine". Thus it is apparent that work in a coal mine that results in totally disabling pneumoconiosis will not necessarily qualify a claimant for black lung benefits; to qualify a miner must show that his disabling lung disease arose out of mine work as an employee.

The Secretary of Health, Education and Welfare has defined "employee" for purposes of black lung claims as "an individual in a legal relationship (between the person for whom he performs services and himself) of employer and employee under the usual common-law rules". 20 C.F.R. § 410.-110(m). Various tests are suggested to determine the existence of the employee status. "Whether the relationship of employer and employee exists under the usual common-law rules will in doubtful cases be determined upon an examination of the particular facts of each case." 20 C.F.R. § 410.110(m)(2). For the benefit of claimants 30 U.S.C. § 921(c)(1) creates a rebuttable presumption that the pneumoconiosis of a miner employed in coal mines for ten years or more arose out of such coal mine employment. See also 20 C.F.R. § 410.-416(a), which requires "persuasive evidence to the contrary" to rebut this presumption.

■ The Secretary found that the plaintiff in this action did not have 10 years of coal mine employment and thus could not benefit from the presumptions of 30 U.S.C. § 921(c)(1) and 20 C.F.R. § 410.416(a). Central to this finding was the conclusion that plaintiff's work from 1955 through 1969 was self-employment. (T 25). This court has held that coal mine work that amounts to self-employment cannot be counted to establish the presumptions provided in a black lung case. *Alfred E. Fleming v. Weinberger*, Civil Action No. 74–275–A (W.D.Va. March 5, 1975). See also *Weaver v. Weinberger*, 392 F.Supp. 721 (S.D.W.Va. 1975). The court adheres to this general conclusion but holds that the Secretary erred in concluding on the facts of record that the work of plaintiff from 1955 to 1969 constituted self-employment.

Applying the "facts and circumstances" test to the disputed years of work, the court notes that during this period plaintiff and his brothers worked at a coal mine wholly owned by the Jewell Coal Company. This company had opened the mine, built the tipple, and paid the repair bills on the mine equipment. Moreover, the company, not plaintiff or his brothers, paid workman's compensation for the mine employees. While plaintiff and his brothers did some supervising, they also ran machinery, loaded coal with shovels, and did every other kind of mine work. The company supervised the engineering and technical structures of the mine and the only compensation received by plaintiff for work in these years came from Jewell Coal Company. All these factors suggest a traditional employer-employee relationship. While some facts of record suggest self-employment status during these years, the court cannot agree with the legal conclusion of the Secretary that plaintiff was a "defacto" employer during these years. Rather, the court holds that plaintiff was a coal mine employee during the years 1955 to 1969. The court is

mindful of the fact that the Secretary is entitled to deference concerning his resolution of disputes of fact. However, the issue of the work status of plaintiff involves the application of the Act and regulations to the undisputed facts of record; the court simply feels that the Secretary's conclusion of law as to the nature of plaintiff's work in the disputed years is erroneous. The court's conclusion is buttressed by the liberal construction given coverage provisions of the Act by this circuit. See *Roberts v. Weinberger*, 527 F.2d 600 (4th Cir. 1975) (the term "miner" in the Act includes the operator of a truck hauling coal from a strip mine extraction site to a tipple).

In view of the court's conclusion that plaintiff was a coal mine employee for the years 1955 to 1969 and the Secretary's finding that plaintiff is totally disabled due to pneumoconiosis, plaintiff is entitled to the presumption that his disabling lung disease arose out of his coal mine employment. 30 U.S.C. § 921(c)(1), 20 C.F.R. § 410.416(a). The evidence of record does not rebut this presumption since there is no evidence of other sources of exposure to dust besides plaintiff's work as a coal mine employee.

Accordingly, it is the judgment of the court that the final decision of the Secretary be reversed and that black lung benefits be awarded to plaintiff, and it is so ORDERED.