BENJAMIN TAYLOR, JR., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3446–76.    Filed November 6, 1978.

Benjamin Taylor, Jr., pro se.
*Ruud L. Du Vall,* for the respondent.

IRWIN, *Judge:* Respondent determined deficiencies in petitioner's income tax for the calendar year 1972 in the amount of $411.98.

After a concession by petitioner, the only question which

remains for our decision is whether petitioner is entitled to deduct his claimed moving expenses in the amount of $1,482 for his move from Washington, D.C., to Philadelphia, Pa., in September 1972.

## FINDINGS OF FACT

Some of the facts have been stipulated. The stipulation of facts along with attached exhibits are incorporated herein by this reference.

Petitioner was a resident of Bethesda, Md., at the time of filing his petition herein. Although it is not clear where he filed his return for the year in issue, his return indicates that he resided in Richmond, Va., at that time.

During 1970, petitioner was a Ph.D. candidate in biochemistry in the graduate school of the University of Pennsylvania (hereafter university). He had been a Ph.D. candidate since 1963. In June of 1970, petitioner was granted a leave of absence by the university in order to fulfill his military obligation. Until his discharge in September 1972, he was stationed at Walter Reed Hospital in Washington, D.C. He was then reinstated in the graduate program as a full-time student at the university. Therefore, upon his discharge, he moved back to Philadelphia to complete his degree requirements. On December 21, 1973, he graduated from the program.

During this time, petitioner did research work in the university's laboratory under the supervision of his advisers for the primary purpose of completing his doctoral thesis. Periodically, he was requested to perform a limited amount of work by Dr. Rutman, his principal adviser, which did not pertain to his doctoral thesis. Petitioner always complied with these requests because he felt that Dr. Rutman, as the person who oversaw the completion of his Ph.D., had ultimate control over his obtaining of the degree.

Petitioner was not required to pay any tuition fees to the university; he was, however, required to pay $100 in 1972 as facility fees for the use of the university's laboratory and another $100 in facility fees for 1973. Those fees covered the use of laboratory equipment and accident insurance while working in the university's laboratory. In addition, petitioner paid $30 per semester for student health and accident insurance.

During the period petitioner was completing the work

required for his Ph.D., he did not receive any cash remuneration for the work which he did in the university's laboratory. Nor did he receive paid vacations, paid sick leave, retirement credits in the university's retirement program, and he was not eligible for the university's employee group health and accident plan.

## OPINION

Respondent raises two objections with respect to petitioner's deduction of his moving expenses incurred in 1972. First, respondent asserts that petitioner does not meet the definition of "employee" as it is used in section 217 (c)(2)[1] and, therefore, is not entitled to a moving expense deduction for the year in issue. Second, if this Court should find that petitioner satisfies the employee requirement, he contests petitioner's deduction of various items of the claimed moving expense deduction which he contends were either not expenses of the move or were not properly substantiated. Petitioner, apparently in support of his position that he qualifies as an employee within the meaning of section 217(c)(2), asserts that he had a considerable amount of time and effort invested in the pursuit of his Ph.D and that university rules obligated him to return upon completion of his military commitment.

Section 217(c)(2) states in part:

(c) CONDITIONS FOR ALLOWANCE.—No deduction shall be allowed under this section unless—

\* \* \* \* \* \* \*

(2) either—
(A) during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee, in such general location, during at least 39 weeks, or
(B) during the 24-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a full-time employee or performs services as a self-employed individual on a full-time basis, in such general location, during at least 78 weeks, of which not less than 39 weeks are during the 12-month period referred to in subparagraph (A).

Thus, we are first confronted with the question of whether petitioner as a student is an employee for purposes of the above-quoted provision.

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect for the year in issue.

Section 1.217–2(a), Income Tax Regs., states in part: "The term 'employee' as used in this section has the same meaning as in sec. 31.3401(c)–1 of this chapter." Section 31.3401(c)–1(a), Employment Tax Regs., states in part: "The term 'employee' includes every individual performing services if the relationship between him and the person for whom he performs such services is the legal relationship of employer and employee." However, because the Code and regulations under section 3401 are concerned with the collection of income taxes at the source on wages, and students are not compensated in their status as such, neither the Code, nor the regulations, nor the case law thereunder is helpful in resolving the issue herein. We must, therefore, examine the relationship between petitioner and the university to see if it satisfied the legal relationship of employer-employee.

For purposes of determining when the legal relationship of employer and employee exists under section 31.3401(c)–1(a), Employment Tax Regs., section 31.3401(c)–1(b), Employment Tax Regs., adopts the common law test. Cf. *United States v. Webb, Inc.*, 397 U.S. 179,194 (1970), wherein the Supreme Court stated with respect to section 31.3121(d)–1(c)(2), Employment Tax Regs., which has language almost identical to section 31.3401(c)–1(b), that "the regulation provides a summary of the principles of the common law, intended as an initial guide for determination * * * [of] whether a relationship 'is the legal relationship of employer and employee.' "

A recent case applying the common law rules is *Weaver v. Weinberger*, 392 F. Supp. 721 (S.D.W.Va. 1975), wherein the court had to determine the meaning of the word "employee" for purposes of eligibility for black lung benefits. The applicable regulation, 20 C.F.R. sec. 410.110(m), provided that: " 'employee' means an individual in a legal relationship (between the person for whom he performs services and himself) of employer and employee under the usual common-law rules." In applying the so-called common law rules the court stated at page 723:

The relationship of employer and employee is synonymous with the ancient terms of master and servant. *Pennsylvania Casualty Co. v. Elkins*, 70 F. Supp. 155 (1947). Generally speaking, an employee is a person who renders service to another usually for wages, salary or other financial consideration, and who in the performance of such service is entirely subject to the direction and control of the other, such other being the employer. * * *

We believe that definition suffices for purposes of resolving the issue before us. It makes clear that at the foundation of the employer-employee relationship is the concept of a mutual benefit with services being rendered at the direction of an employer in return for some sort of remuneration.[2] This relationship of mutual benefit is absent in the context of the relationship between a university and its students in their capacity as such. Petitioner received no remuneration and the services which he performed were only incidental to his primary goal of education. Therefore, we hold that petitioner, as a graduate student at the university, was not an "employee" within the meaning of section 217(c)(2) and the deductions which he seeks for moving expenses in relocating at the university must be denied. Because of our resolution of this issue, we do not need to reach the question of whether certain of petitioner's alleged moving expenses were in fact expenses of the move and were properly substantiated.

*Decision will be entered for the respondent.*

---

[2]Petitioner relies on the case of *Hartung v. Commissioner*, 55 T.C. 1 (1970), revd. 484 F.2d 953 (9th Cir. 1973), for the proposition that a moving expense deduction is allowable under sec. 217 even though the employment position resulting from the move generates no taxable income. In that case, the taxpayer obtained employment in Australia, the income from which was exempt from income tax under sec. 911. The issue before this Court was whether the expenses of the move to Australia, otherwise deductible under sec. 217, must be disallowed because subsequent to the move all income earned by the taxpayer was exempt from taxation. We held that the moving expenses were deductible. Without passing on petitioner's interpretation of *Hartung* as decided by this Court, *Hartung* is not relevant to the issue with which we are concerned, that is, whether petitioner is an employee for purposes of sec. 217(c)(2).