DAVID F. GARBER AND KAREN K. GARBER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garber v. Commissioner
Docket No. 2333-76.
United States Tax Court
T.C. Memo 1980-365; 1980 Tax Ct. Memo LEXIS 223; 40 T.C.M. (CCH) 1171; T.C.M. (RIA) 80365; September 9, 1980, Filed *223 Held: A full-time law student is not "gainfully employed" for purposes of section 214, Internal Revenue Code 1954. David F. Garber, pro se. Ronald P. Campbell, for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined a deficiency of $194.40 in petitioners' income tax for the taxable year 1974. The only issue for our decision is whether petitioners are entitled to a deduction for child care expenses incurred on behalf of their daughter. Resolution of this issue depends upon whether petitioner-husband was gainfully employed for purposes of section 214[1] while a full-time law school student. *224 FINDINGS OF FACT Most of the facts have been stipulated. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference. Petitioners, David F. Garber and Karen K. Garber, husband and wife, timely filed a joint income tax return for the taxable year 1974 with the Internal Revenue Service Center, Memphis, Tennessee. At the time they filed their petition herein, petitioners resided in Richmond, Virginia. During 1974, petitioner, David Garber, was a full-time law school student. Petitioner received Veterans' Administration educational benefits in monthly allotments during 1974 while he was in law school. During 1974, petitioners expended $1,015 for services outside the household for care of their daughter, which amount did not exceed $200 in any month. OPINION The only question to be decided is whether petitioner, David Garber, was gainfully employed for purposes of section 214 while a full-time law school student. Section 214, as in effect during the year in issue, generally provided for the deduction of expenses for household and dependent care services necessary for gainful employment. One requirement for qualification for *225 the deduction was that both spouses must have either been gainfully employed on a substantially full-time basis, section 214(e)(2)(A) or the spouse not gainfully employed is a "qualifying individual," section 214(e)(2)(B), a point not in contention here. Respondent contends that David Garber was not gainfully employed during 1974 and that petitioners have therefore failed to qualify for the deduction. There is no dispute that all other requirements have been met. This issue has previously been addressed by this Court. See Garber v. Commissioner, T.C. Memo. 1977-44[2] and West v. Commissioner, T.C. Memo. 1977-74. See also Adams v. Commissioner, T.C. Memo. 1978-359. Both of these cases squarely support respondent's position that a full-time student is not gainfully employed. See also Taylor v. Commissioner, 71 T.C. 124 (1978) in which this Court held that a student jis not an employee within the meaning of section 217(c)(2). *226 Petitioner argues that David's entire law school experience is akin to research and development of a product, which although not directly leading to remuneration, is a necessary first step in the development of a product (here, being a lawyer) that eventually leads to renumeration. Petitioners maintain that those efforts directly attributable to the development must be viewed as gainful employment. This argument was raised and rejected in West. We held that "gainful employment" refers to an individual's full-time trade, business, or profession--his life's work. The term does not refer to activities designed to prepare onself for that career. We hold for respondent. [3]
*227 Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.↩
2. Respondent alleged in his amended answer that petitioners are collaterally estopped from raising this issue on the grounds that the identical issue on identical facts had been decided against petitioners by this Court in Garber. Respondent concedes that collateral estoppel does not apply since David Garber received a monthly allowance from the Veterans' Administration during the year in issue, a fact expressly not considered by this Court in Garber. Dicta in that case, however, at fn. 3, indicated that such payments would not establish that David was gainfully employed. This was later expressly held in West v. Commissioner, T.C. Memo. 1977-74. See also Adams v. Commissioner, T.C. Memo. 1978-359↩.
3. Petitioners also contend that the fact that the Tax Reform Act of 1976, which repealed section 214 and provided for a tax credit, extended the credit to married couples where one spouse is a full-time student and the other spouse work, shows Congressional dissatisfaction with the interpretation of cases such as Garber and West and that Congress always intended for a student to be considered gainfully employed. We examined the legislative history of section 214 and the tax credit which replaced it in Garber↩. We noted there that the legislative history supported our interpretation.